STATE, EUGENE HERSHOFF, PROSECUTOR, v. TREASURER OF THE CITY OF BEVERLY.

1. The court provided by the charter of the city of Beverly for the trial of causes arising from the violation of its ordinances, is a city court, and cannot sit outside the limits of the city, to try such causes.

2. A proceeding so informal that it does not apprise a defendant whether it is an action of debt in a justice's court or an information, is reviewable by *certiorari*.

This writ brings up a judgment against or conviction of the prosecutor in a proceeding taken for the enforcement of an ordinance of the city of Beverly, entitled " An ordinance to prevent the establishment of tippling-houses in the city of Beverly."

The summons was in the following form :

Summons Eugene Hershoff to appear before me, at my office, in the township of Beverly, in the said county, on Monday, the tenth day of May (inst.), at ten o'clock A. M. of that day, to answer unto the treasurer of the city of Beverly in a plea of selling liquor on Sunday, on penalty of twenty dollars, and this you are not to omit.

Witness my hand and seal this third day of May, eighteen hundred and eighty.

PETER POWELL, *Justice.*

No state of demand was filed on the return day. On the first adjourned day a paper was filed as an amended summons and state of demand. Testimony was taken and the justice

adjudged that the prosecutor had forfeited to the use of the city the sum of $20 penalty and $4 costs.

Argued at November Term, 1880, before Justices DIXON, REED and PARKER.

For the prosecutor, *F. C. Lowthorp, Jr.*

The opinion of the court was delivered by

REED, J.   The charter of the city of Beverly (*Pamph. L.* 1857, *p.* 436, § 9,) confers upon the common council of that city the power to pass ordinances regulating a variety of municipal matters.   The charter also empowers the common council to enforce the observance of all such ordinances by prescribing a penalty not exceeding $50, to be recoverable by an action of debt, with costs, in any court of record in said city, in the name of the treasurer of the city of Beverly, for the use of said city, or by prescribing a fine or imprisonment in the city prison, or both, to be imposed by the mayor or any resident justice of the peace.   We have not before us the ordinance which prescribes the method of procedure against a violator of the ordinance to prevent the establishment of tippling-houses.

Whether it designates an action of debt or an information, or either, as the proper proceeding, does not appear, nor does it matter which of the two charter methods it does provide. Whether viewed as an action or an information the proceeding before us is utterly insupportable.   As an information it has not the semblance of legality.   There is no complaint, no conviction and no record of the evidence taken.

Is it a proceeding in which is included a judgment in an action of debt?   If so, although informal in some degree, it is not reviewable by *certiorari* if the judgment was rendered in a cause in which the justice has jurisdiction.   The proper remedy in such a case is by an appeal to the Court of Common Pleas.

That the proceeding as an action of debt is irregular appears

from a glance at the papers. And I think it is so irregular that a defendant, under the circumstances, could not have known whether the proceeding was intended as an information or an action.

There is nothing in the summons to indicate even that it is an action of debt. There is no endorsement upon the summons, as is required in penal actions.

There was no state of demand.

In fact almost every feature of such an action is absent, and it cannot be said that the adjudication is a judgment in a court for the trial of small causes.

This being so, we can review the proceeding upon return to this writ of *certiorari*.

But if the proceedings had all the attributes of regularity, there is another matter apparent upon the record which strikes at the jurisdiction of the justice. The record shows that the defendant was to appear and then presumably to stand trial at a place beyond the limits of the city of Beverly, while the court held by the justice was a city court.

As already stated, the charter permits an action of debt in any court of record in the city. The eighth section of the charter indicates what is meant by a court of record in the city. It is a court held by the mayor or a resident justice of the peace.

Whether the justice who entertained jurisdiction in this case was a resident justice does not appear, but that he had no power to take cognizance of an action of this kind, except as he was empowered to hold a municipal court, is apparent.

Now the summons commands the defendant to appear at the office of the justice in the township of Beverly.

The township of Beverly and the city of Beverly are distinct political corporations. The township of Beverly, erected by the act of 1859, territorially differs from the city of Beverly. The appearance of the defendant was, so far as the record shows, outside of the city limits; and the subsequent proceedings were presumably taken without the city.

The justice had no jurisdiction to try a cause and render judgment therein in an action brought by virtue of the charter of Beverly, unless he sat within the city. *People* v. *Mont. Com. Pleas*, 18 *Wend.* 633; *Bonner* v. *McPhail*, 31 *Barb.* 107.

The proceedings are vacated, with costs.