Supreme Court—State v. Court of Common Pleas of Essex Co.

The plaintiff had been married six weeks at the time of the accident. He was the sole next of kin, and was therefore the only beneficiary under the act. The defendants argue that the plaintiff, by his negligence, having created the cause of action, should not be permitted to reap in such cases the benefit of his own wrongful act. This question has, however, been decided in this state by this court in the case of *Consolidated Traction Co.* v. *Hone,* 59 *N. J. L.* 275, adversely to the contention made by the defendants in this case. We feel bound by this decision, the more cheerfully, perhaps, because we approve the reasoning and language of the eminent jurist who wrote it, the late Chief Justice Beasley.

This completes the consideration of the points briefed by the defendants. The rules to show cause are discharged.

---

THE STATE OF NEW JERSEY, EX REL. WILLIAM B. FULLERTON, PROSECUTOR, v. COURT OF COMMON PLEAS OF THE COUNTY OF ESSEX, RESPONDENT.

Decided November 24, 1924.

**Motor Vehicles—Driving in Intoxicated Condition—Suit Before Recorder—Appeal to Common Pleas—Judgment of Guilty In That Court—Certiorari Allowed—Writ Held Improvidently Issued—Election of Common Pleas Having Been Made Defendant Cannot Now Review the Decision of Recorder's Court—Certiorari of Appeal Not Possible Until Final Judgment Entered.**

On *certiorari* to the Essex County Court of Common Pleas.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Pearce R. Franklin.*

For the respondent, *John W. McGeehan, Jr.*

PER CURIAM.

The prosecutor was convicted in the recorder's court of the town of Verona for having violated subdivision 3 of section 14 of the Motor Vehicle act, approved April 8th, 1921, in that he, "William Fullerton, did on the 12th day of October, A. D. 1923, on a public highway of the borough of Verona, in the county of Essex and State of New Jersey, to wit, on Bloomfield avenue, said Bloomfield avenue being at said time and place a public highway in the State of New Jersey, operate a motor vehicle while under the influence of intoxicating liquor," &c. By the record before us it appears that on the 29th day of October, 1923, the prosecutor was tried upon the complaint made, and the recorder, after hearing the testimony of the witnesses and of the accused, William Fullerton, found the latter guilty of the offense charged in the complaint, and committed him to the common jail of Essex county for a period of thirty days, and revoked his driver's license.

From this conviction and judgment the prosecutor appealed to the Court of Common Pleas of Essex county, and the case was there tried *de novo* as directed by the statute in cases where an appeal is taken, and that court, after hearing the testimony on part of the state and of the defendant and his witnesses, made the following pronouncement:

"The evidence being closed, the court says it finds the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor in violation of subdivision 3, section 14, of "An act defining motor vehicles, &c., approved April 8th, 1921. Sentence postponed until February 18th, 1924."

The writ of *certiorari* was applied for and allowed on February 8th, 1924.

The reasons filed in this court are entitled as follows:

"New Jersey Supreme Court. William Fullerton *v.* Frank Bescherer, respondent. The prosecutor presents the following reasons for setting aside the conviction before the recorder's court of the town of Verona, New Jersey, which

said conviction is brought before this court by a writ of *certiorari* in a cause entitled as above." Then the prosecutor presents nine reasons why the conviction and judgment in the recorder's court should be set aside. No reason is presented for setting aside the conviction in the Court of Common Pleas.

We think the writ was improvidently allowed and should be dismissed.

It is to be observed that section 28 of the Motor Vehicle act directs that the Common Pleas Court shall try the case *de novo*, "and in a summary way *try* and *determine* all such appeals, and in case the judgment or sentence of the magistrate shall be reversed on such appeal, the said Court of Common Pleas shall order," &c.

The language of the section leaves no room for doubt that there must be a final determination of the appeal before it.

The prosecutor took his appeal to the Court of Common Pleas, from the conviction and judgment of the recorder, as he was entitled to under section 28, *supra*. He prosecuted his appeal by going to trial and having selected his forum, he cannot now resort to a writ of *certiorari* directed to the Court of Common Pleas for the purpose of reviewing the proceedings had before the recorder. See *State* v. *McCarty*, 2 *N. J. Adv. R.* 8.

We further are of the opinion that in a case of this nature, *quasi*-criminal, where the matter is brought by an appeal by the prosecutor into the Court of Common Pleas, and the prosecutor is defeated, in his appeal, he is not entitled to a writ of *certiorari* until a judgment has been pronounced. We have not been referred to any case which holds otherwise.

Moreover, there are no reasons filed which call into question the legality of the proceedings in the Common Pleas Court.

In *State, William Dunn, Prosecutor, v. Overseer of the Poor of South Amboy*, 32 *N. J. L.* 275, Mr. Justice Vredenburgh (at *p.* 283) says: "In Vannoy *v.* Givens, Mr. Justice Carpenter says, we cannot reverse for error of the justice,

for it is not his judgment, but the judgment of the appellate court, that is before us for review."

In *Hendricks* v. *Craig*, 2 *South.* 569, the Court of Common Pleas says: "It was the judgment of the Court of Common Pleas which was removed, and the court could not look beyond it to the proceedings of the justice in order to find in them an objection, which had done the defendants an injury."

The language used by Mr. Justice Vredenburgh, in *State, Dunn, Prosecutor,* v. *Overseer of the Poor, supra* (on *p.* 284), is pertinent to the situation presented here. The learned justice said: "But it is urged, in the next place, that although this court cannot set aside the proceedings in the sessions, yet that they ought to set aside the order of the two justices for these alleged defects therein. There are many cases, both in the King's Bench and in this court, where the proceedings before the justices have been quashed for defective orders, where there has been no appeal. But no case, I apprehend, can be found where this court has been constrained, by force of law, to affirm the proceedings on appeal, and yet quash the proceedings before the two justices.

"The order on appeal *ipso facto* nullifies the order of the two justices. As long as the proceedings of the appellate court stand, there is no order of the two justices. The only way to revive the order of the two justices is to set aside the proceedings of the sessions, and then this court may quash the proceedings of the two justices. If the two justices had not jurisdiction, what possible legal effect can result from setting aside the order of the justices, while the order on appeal is permitted to stand. Such a proceeding would only be nullifying what is already a nullity." *Vannoy* v. *Givens,* 3 *Zab.* 202; 3 *East.* 62; 2 *Harr.* 22.

So it seems to us to set aside the conviction and judgment of the recorder's court would be of no advantage to the prosecutor so long as the conviction of the Common Pleas was in force, and the validity of that conviction has not been challenged by any of the reasons presented by the prosecutor.

We are not to be understood as holding that the proceedings before the recorder, if he was without jurisdiction of the subject-matter, or of the person of the accused, are not reviewable by *certiorari* or by *habeas corpus,* or in the method prescribed by section 35 of the Motor Vehicle act (at *p.* 685), but what we are deciding is that where an appeal has been taken which provides for a trial *de novo* in the appellate court, and such trial is had, the proceedings to review the appeal must be directed against the court in which such appeal has been "heard and determined," which phrase can mean nothing else than where judgment has been given.

These views lead to a dismissal of the writ.