## FRANK SULLIVAN, PROSECUTOR. v. THE STATE OF NEW JERSEY, RESPONDENT.

Decided April 16, 1925.

**Motor Vehicles—Reckless Driving Conviction—An Appeal to Common Pleas—Complaint May be Stricken Out as Not in Conformance With Statute—Court Cannot Direct Complaint Which Originally Charged No Offense, to be Changed Into One Charging a Violation Under the Statute.**

On *certiorari* to the Essex County Court of Common Pleas.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Thomas Brunetto.*

For the defendant, *J. Henry Harrison.*

PER CURIAM.

The prosecutor was convicted in the recorder's court of Cedar Grove, on a complaint charging him with a violation of section 16 of the Motor Vehicle act of April 8th, 1921, in that he did "on the 26th day of February, 1923, in the township of Cedar Grove, to wit, upon Fairview avenue, on a public street of the township of Cedar Grove, said street being a public highway of the State of New Jersey, operate and drive a motor vehicle, a Chevrolet 1919 Sedan, to wit, upon Fairview avenue of the township of Cedar Grove, recklessly and in disregard of human life and property, all of which is contrary to and in violation of said section 16 and against the form of the statute."

From the judgment of conviction an appeal was taken to the Essex County Common Pleas Court, where, by virtue of the statute creating the offense, the appellant was entitled to a trial *de novo.*

This court has repeatedly decided that the legal effect of such an appeal was to leave the complaint and initiatory proceedings prescribed by the statute undisturbed, and that they

alone constituted the basis upon which the new trial must proceed. Therefore, the appellant, in the present case, was clothed with all the legal rights that pertain to an accused in proceedings originally initiated in the Court of Common Pleas, one of which such rights was to challenge the validity of the complaint, which he was called upon to answer. In this view of the accepted law on the subject counsel of the prosecutor was strictly acting within declared legal sanction when he moved to dismiss the case upon the ground that the complaint did not set forth any offense committed by the prosecutor under the statute. The trial judge conceded this to be so, but refused to dismiss the cause, because it did not appear that any objection was made to the sufficiency of the complaint in the court of first instance. The motion should have prevailed. Since the complaint was the foundation of the action, and must conform to the statute, it may be properly objected to, for the first time, upon appeal. *Roeber* v. *Society for Prevention of Cruelty to Animals,* 47 *N. J. L.* 237, 239.

But a more glaring error was committed by the trial judge, when, against objection, he directed an amendment to be made and incorporated in the complaint, which originally charged no offense against the prosecutor into a complaint charging him with an offense under the statute.

Without stopping to consider the constitutional question involved in such a course of action, it is sufficient to say, happily for a just and wise administration of the law, that there can be no precedent found for such judicial action. It will not be out of place in this connection to state a few of the reasons why, in the present case, an amendment, in substance, as this was, could not be properly made. 1. The penal statute, underlying the proceeding, directs that the proceeding against an alleged offender shall be instituted in the magistrates' courts upon a sworn complaint. 2. The Court of Common Pleas only obtains jurisdiction on appeal, and is authorized by the statute to try the case *de novo* on the complaint made in the magistrate's court. It is of no particular consequence whether the court, on appeal, is sitting as a special tribunal,

or as a court in the exercise of its common law jurisdiction, it was clearly without power to substitute, in a summary proceeding, on a penal statute, a new complaint, and compel the accused to answer thereto. 3. Since the statute requires that the basis of the proceeding shall be a sworn complaint, and it appearing that the complaint was amended, as has been pointed out, and was not sworn to, as amended, the entire proceeding *coram non judice*.

Lastly, the validity of the judgment of conviction is attacked. The court affirmed the judgment. This was also error. The case was tried *de novo*.

The court was without power to affirm or reverse the judgment of the magistrate. The statute has conferred the power upon the court to try the case upon the facts and the law applicable thereto, and to make a determination on such facts and to pronounce judgment thereon.

For the reasons given the conviction is set aside and the judgment is reversed, with costs.