WILLIAM T. NEWBURY, PROSECUTOR, v. RULIF V. LAWRENCE, JUDGE, AND THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF MONMOUTH, THE STATE OF NEW JERSEY, AND WILLIAM S. HOLMES, RESPONDENTS.

Submitted October 16, 1925—Decided March 2, 1926.

**Motor Vehicles—Drunken Drivers—Seven Reasons Urged for Reversal are Examined at Length and Conviction Sustained.**

On writ of *certiorari* to the judge of the Court of Common Pleas of Monmouth county, and William S. Holmes.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *James Mercer Davis*.

For the respondents, *Stokes & McDermott* (*William Hartshorne*, of counsel).

PER CURIAM.

This case is before us on a writ of *certiorari* directed to the judge of the Court of Common Pleas for the county of Monmouth, and William S. Holmes. The writ brings up the conviction of the prosecutor, William T. Newbury, at a trial *de novo* in the Monmouth County Court of Common Pleas, upon the complaint made against the said William T. Newbury under subdivision 3, section 14, chapter 208 of the laws of 1921. This is the section prohibiting any person under the influence of intoxicating liquor * * * from operating any motor vehicle owned by him or in his custody or control.

The complaint was made by G. C. Paxton. It was subscribed to before W. A. Holmes, mayor. A warrant was issued upon this complaint and directed to any police officer of the borough of Freehold. Newbury was taken into custody under this warrant and brought before W. S. Holmes, who was the mayor of the borough of Freehold. The complaint charged "that the said William T. Newbury did on the 1st day of July, 1925, on a public highway of the borough of Freehold, &c., to wit, on West Main street, said West Main street being at said time and place a public highway in the State of New Jersey, operated a motor vehicle while under the influence of intoxicating liquor and narcotics, a habit-producing drug, in such a manner so as to cause an accident with another motor vehicle, all of which is contrary," &c.

Newbury was given a hearing before the mayor. Four witnesses testified that he was driving a car when intoxicated. Newbury testified in his behalf. He was convicted by the mayor and committed to the common jail or workhouse of the county of Monmouth for a period of thirty days.

Notice of appeal to the Court of Common Pleas was then given. On July 24th, 1925, a hearing of the appeal was moved before the judge of the Monmouth County Court of Common Pleas. Counsel for Newbury asked for a dismissal of the proceedings and a discharge of the defendant upon the following grounds: (a) Because the complaint had not been properly sworn to before the magistrate, who, as mayor of the borough of Freehold, had no jurisdiction; (b) because no official seal was attached to the complaint and warrant; (c) because the authority of the mayor to take the complaint and issue the warrant was not shown and does not appear. These objections were overruled. The court proceeded to a hearing and trial of the appeal *de novo*. Newbury was found guilty and sentenced to be committed to the common jail of the county of Monmouth for a period of thirty days. The writ of *certiorari* was allowed by Mr. Justice Minturn.

There are seven reasons urged for reversal. The first two are substantially the same. The argument is advanced that the conviction is abortive, because the original proceedings failed to set out the authority by which the person before whom they were had had jurisdiction. It seems to us there are two answers to this proposition. The first is that it can be inferred from the complaint and the record of the proceedings that W. S. Holmes was the mayor of Freehold. The complaint shows that the offense was committed in Freehold; that the warrant was directed to any constable or any police officer of the borough of Freehold; that the proceedings were conducted at Freehold before the mayor, who signed the conviction and commitment as mayor, borough Freehold. In the second place, it is conceded in the brief for the prosecutor that the mayor of Freehold did have jurisdiction of the subject-matter. Such being the case, the prosecutor, by appearing and taking part in the proceedings, waived any defect in the proceedings. In the recent case of *State* v. *Rosenbloom*, 3 *N. J. Adv. R.* 1713, in which the opinion for the Court of Errors and Appeals was written by Chief Justice Gummere, it is held that where a magistrate

has jurisdiction of the subject-matter participation by the accused in a trial on the merits or participation in a trial *de novo* in a Court of Common Pleas waives any question as to the jurisdiction of the person or any defects in the proceedings.

The next point made in behalf of the prosecutor is that the complaint did not charge Newbury with any offense set out in the statute. We think this argument is not well founded in fact. The complaint has already been set forth. It sets forth that the prosecutor did operate an automobile while under the influence of intoxicating liquor and narcotics in such a manner as to cause an accident with another motor vehicle. Counsel for the prosecutor contends that you cannot tell from the complaint whether the charge is operating a vehicle while intoxicated or while under the influence of narcotics, or because operated so as to cause an accident with anotoher motor vehicle. The complaint is not as exact or as artistically drawn as it might be. We think, however, that it sufficiently apprised the prosecutor of what charge or charges he must meet. Furthermore, this point was not advanced in the court below. It canont be made now. *Turkel* v. *Ryer,* 75 *N. J. L.* 677.

The third point is that no conviction of the prosecutor of any violation of the Motor Vehicle act was ever made by W. S. Holmes, mayor of the borough of Freehold. This is not well founded in fact. The conviction and commitment is signed by William S. Holmes, as mayor of the borough of Freehold. Moreover, the only conviction which can now be complained of is that of the judge of the Court of Common Pleas. Any defect in the conviction and commitment made by Mayor Holmes has been waived by the appeal for a trial *de novo* in the Court of Common Pleas. This point was also made in the court below and need not be considered here. The fourth ground urged by the prosecutor is that the Court of Common Pleas failed to vacate the proceedings had below. It is contended that the appeal is a proceeding *de novo* and the judgment of that court becomes conclusive and final, but that there is still outstanding the formal conviction had

before Mayor Holmes, which was not vacated, so that it is possible for the defendant to be committed to the county jail by the conviction before Mayor Holmes, and later to have lodged against him the conviction by the Common Pleas Court. We see no merit in this point. The conviction and commitment by the Court of Common Pleas takes the place of the conviction and commitment by Mayor Holmes.

The last point urged by the prosecutor for reversal is that there is no commitment in existence made by the judge of the Court of Common Pleas. The record of the conviction as set forth in the state of the case states: "It is accordingly ordered that said defendant, William T. Newbury, be and he is hereby committed to the county jail of the county of Monmouth for a period of thirty days." This is signed by the presiding judge of the Court of Common Pleas of Monmouth county, Hon. Rulif V. Lawrence. With a record in existence showing that the court adjudged the prosecutor guilty and sentenced him to the common jail of the county of Monmouth for thirty days, it cannot be said that there is no commitment. When the prosecutor is taken and delivered to the keeper of the jail the usual commitment will be signed by the judge. The allowance of the writ of *certiorari* acted as a stay in this regard. What counsel for the prosecutor asks is that, in the face of the adjudication that Newbury is guilty, he should be permitted to escape punishment, because the commitment which the writ of *certiorari* has stayed the issue of has not been actually signed. We see no merit in this argument.

The judgment of conviction is affirmed.