WATSON J. KLUCZEK, PROSECUTOR, v. STATE OF NEW JERSEY, RESPONDENT.

Submitted January 17, 1935—Decided May 6, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *William J. McCormack.*

For the respondent, *Arthur C. Dunn,* prosecutor of the pleas, and *Michael Shershin,* assistant prosecutor.

The opinion of the court was delivered by

HEHER, J. By this *certiorari* the prosecutor challenges the judgment of conviction, entered in the Passaic County Court of Special Sessions, upon a complaint charging that, on June 23d, 1934, he drove and operated a motor vehicle, on a public highway of the city of Paterson, while under the influence of intoxicating liquors, "in violation of section 14, subdivision 3 of the amended penal laws of 1926, chapter 152, in violation of section 14, subsection 3, of an act * * *."

The complaint was made upon one of the regulation printed forms provided by the motor vehicle department; and an ink line was drawn through the following clause, which, on the printed form, was a continuation of the quoted sentence: "providing for the operation and licensing of motor vehicles in the State of New Jersey, comprising chapter 208, laws of 1921, amended to date, and supplements thereto, amendments therewith affecting the use of motor vehicles." Apparently, the draftsman conceived that the amendment of section 14 of the act, effected by chapter 152 of the laws of 1926 (*Pamph. L.* 1926, *p.* 254), was applicable. But this section was again amended by chapter 171 of the laws of 1931. *Pamph. L.* 1931, *pp.* 347, 367; *N. J. Stat. Serv.* 1931, § 135-49 to § 135-82. The only change made by the last amendment was the inclusion of a provision that one convicted of a previous violation of that section need not be charged as a

second offender in the complaint, in order to subject him to the punishment therein provided for a second offender.

The complaint was made in the Recorder's Court of the city of Paterson; and prosecutor was convicted of "driving an automobile while under the influence of intoxicating liquors," in violation of section 14, subdivision 3, of the Motor Vehicle act of 1921 (*Pamph. L.* 1921, *p.* 643), and of chapter 152 of the laws of 1926, and the amendments thereof. There was a trial *de novo* in the Passaic Special Sessions, as provided by chapter 97 of the laws of 1933 (*Pamph. L.* 1933, *p.* 200; *N. J. Stat. Serv.* 1933, § 135-79 (a), (b), (c); and prosecutor was again convicted of violating subdivision 3 of section 14 of the Motor Vehicle act of 1921, "amended by chapters 151 and 152 (*Pamph. L.* 1926), and the various acts supplementary thereto and amendatory thereof."

The first insistence of prosecutor is that the court below lacked jurisdiction "because the complaint was defective, in that (a) it was not made within the statutory time; and (b) it did not charge the defendant with any violation or with violating any existent law."

The first of these grounds relates to the acquisition of jurisdiction of the person and not of the subject-matter, and is devoid of merit. The complaint was not made until the second day after prosecutor's arrest; and it is insisted that, in virtue of chapter 63 of the laws of 1933 (*Pamph. L.* 1933, *p.* 120; *N. J. Stat. Serv.* 1933, § 135-82), providing for the temporary detention of one charged with a violation of the section in question for a period not to exceed twenty-four hours from the time of his arrest, jurisdiction over the person was not acquired. The point was not made below, either in the Special Sessions or in the Recorder's Court, and is not of a character that merits consideration when raised here for the first time. *State* v. *O'Leary,* 110 *N. J. L.* 36; *Latimer* v. *Wilson,* 103 *Id.* 159; *Ryel* v. *Turkel,* 75 *Id.* 677. Moreover, if such a point were made, and overruled, the defendant could not take part in a trial on the merits, even under protest, without waiving the challenge thus interposed. When, in such a situation, the defendant

"voluntarily takes part in the trial of the cause on the merits and undertakes to establish his innocence of the charge, he submits his person to the jurisdiction of the magistrate, notwithstanding his protest, and cannot thereafter be heard to deny the existence of that jurisdiction." *State* v. *Rosenblum,* 102 *Id.* 125. See, also, *State* v. *Baker, Ibid.* 349. And, for obvious reasons, this principle is applicable to proceedings in the special sessions on appeal. Compare *State* v. *Baker, supra.* Here there concededly was jurisdiction of the subject-matter; and prosecutor participated in the subsequent trial on the merits, and took the witness stand in an endeavor to meet the case made by the state. As pointed out by Mr. Justice Swayze, in *Curlis* v. *Joyce,* 90 *Id.* 47, "it would be intolerable to allow a litigant to speculate on the result of a case, and raise a question of jurisdiction only after the decision." Of course, this principle is not apposite when the jurisdictional challenge relates to the subject-matter. When the lack of jurisdiction over the subject-matter appears upon the face of the complaint, a conviction had thereon is a nullity. *State* v. *Rosenblum, supra.*

And the second reason is likewise untenable. The point was not raised below, and will not therefore be considered here, unless it is of such a nature that the complaint, on its face, exhibits a lack of jurisdiction of the subject-matter. This is not the case. The specification expressly charged the operation of a motor vehicle while under the influence of intoxicating liquor, in violation of section 14, subdivision 3, of the Motor Vehicle act. It may very well be that the drawing of an ink line through the clause referred to was a mere clerical error on the part of the draftsman. But, in any event, the accused was not left in doubt either as to the nature of the offense charged or the section of the Motor Vehicle act claimed to have been violated; and, as pointed out, it was one that was patently within the jurisdictions of the tribunals below, original and appellate, respectively. The amendment of section 14, subdivision 3, of the act, effected by chapter 171 of the laws of 1931, *supra,* did not, as stated, in any wise change or affect the substantive offense of driving

a motor vehicle while under the influence of intoxicating liquor or narcotic or habit-producing drug, nor the punishment to be imposed upon a first offender. It cannot therefore be said that the charge made was not the offense denounced by the existing statute, or that the accused was not fully informed of the nature of the offense laid to him. This is not the case of a complaint charging the violation of a non-existent statute. Here the defendant was fully advised as to the statute invoked; and he was tried and convicted upon a complaint clearly charging a violation of that statute, without objection to its sufficiency. Compare *State* v. *Rosenblum, supra*. In the cited case, also, the complaint alleged the violation of this section in the original act, without reference to a later amendment thereof.

Our court of last resort has held that it is not essential that the statute claimed to have been violated should be specifically mentioned in the complaint. *Jamieson* v. *Martin*, 99 *N. J. L.* 508. It would seem, however, that if the affiant undertakes a reference to the statute invoked, the accused must not, by an erroneous statement, be misled as to the true offense charged. He has the fundamental right to be informed of the nature of the accusation against him. The offense must be set out with clearness and all necessary certainty to apprize the accused of the wrong of which he stands charged. And in such a situation the complaint may not show, on its face, jurisdiction of the subject-matter. In any event, the complaint here legally imports that the statute invoked was section 14, subdivision 3, of the Motor Vehicle act, as amended by chapter 171 of the laws of 1931, *supra*, such being the form and substance of the statute in relation to the nature of the offense at the time of its alleged perpetration by prosecutor. The complaint sufficiently identifies the offense laid to the accused. Compare *State* v. *Cooney*, 72 *Id*. 76; *Drew* v. *West Orange*, 64 *Id*. 481.

It is next urged that chapter 97 of the laws of 1933, *supra*, contravenes article IV, section VII, subdivision 4, of the state constitution, providing that "every law shall embrace but one object, and that shall be expressed in the title."

This is entitled a supplement to the Motor Vehicle act of 1921, *supra* (setting out the title of that statute in full, and its effective date) ; and it is therein provided that the appellate jurisdiction theretofore exercised by the Courts of Common Pleas in the several counties of the state, in prosecutions for violations thereof, "is hereby transferred to and vested in and shall hereafter be exercised by the courts of special sessions in the respective corresponding counties." It provides for the trial of the issue *de novo,* and grants to the sessions broad powers of amendment with respect to the complaint. This statute was obviously designed to make effective the penal provisions of the statute, and to prevent miscarriages of justice by reason of deficiences in form that do not affect the merits.

It is said that this supplemental enactment, to comply with the mandate of the constitution, should have taken the form of an amendment to the act creating the Courts of Special Sessions, or that the title should have "some such index as would reveal the true intent." This claim is not well-founded. The same criticism was directed to the original act of 1921, *supra,* in so far as it conferred like appellate jurisdiction upon the Courts of Common Pleas; and this court held that the authority in question was embraced in the titular clause, "prescribing and regulating process and the service thereof and proceedings for the violation of the provisions of the act and penalties for said violations." *Caruso* v. *Porter,* 102 *N. J. L.* 71. The design of this constitutional provision was mainly to prevent surprise in legislation; and it will be construed to effectuate that beneficial object. The title must necessarily be general in character; and it suffices if it broadly indicates the object of the statute. The criterion is whether the object, "by fair intendment," is included within the title. *Hutchinson* v. *Board of Health of the City of Trenton,* 39 *N. J. Eq.* 569. As was said by Mr. Justice Lloyd in *Caruso* v. *Porter, supra:* "It is quite apparent that the body of the act is well within the title when it prescribes the process to apprehend, the tribunal to hear the case and the punishment to be imposed upon offenders." Moreover, the

defendant, having chosen the remedy, is not in a position to question the constitutionality of the act which confers it. If the statute were invalid, the Court of Special Sessions would not have jurisdiction, and the judgment entered in the Recorder's Court would necessarily stand.

Lastly, it is maintained that the record of conviction in the Recorder's Court is defective, in that the "substance of the testimony before the recorder is not set forth." It suffices to say, as to this, that there was a trial *de novo* in the Court of Special Sessions; and the defendant is entitled to a review of that judgment only. Section 3 of chapter 97 of the laws of 1933, *supra,* provides for a trial *de novo* in the sessions, and directs that tribunal, in the event of a conviction, to "impose the penalty prescribed by the act to which this is a supplement, its amendments and supplements, which conviction and sentence shall *supersede and nullify* the conviction and judgment in the court below." See, also, *State* v. *McCarty,* 99 *N. J. L.* 64.

It results that there was no error calling for reversal of the judgment of the Court of Special Sessions.

Judgment affirmed, with costs.