12 N.J. Super. 128 (1951)
79 A.2d 80
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLAYTON L. HUNTER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1951.
Decided March 1, 1951.
*129 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. John A. Laird argued the cause for defendant-appellant (Mr. John F. Ryan attorney; Mr. Bernard L. Davis, on the brief).
Mr. H. Russell Morss, Jr., Assistant Prosecutor of the Pleas, argued the cause for plaintiff-respondent (Mr. Edward Cohn, Prosecutor of the Pleas for Union County, attorney).
*130 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The defendant appeals from a judgment entered in the Union County Court on October 20, 1950, convicting him of operating a motor vehicle while under the influence of intoxicating liquor in violation of R.S. 39:4-50. The County Court judgment was entered after a trial de novo on defendant's appeal from a judgment of conviction entered in the Municipal Court of Plainfield on May 8, 1950.
On September 27, 1948, the defendant was first convicted on this charge after hearing before the Municipal Magistrate of Plainfield. When his application for a new trial on the ground of newly discovered evidence was denied by the municipal magistrate, he appealed to the Appellate Division. The Appellate Division remanded the cause for a new trial in the municipal court. State v. Hunter, 4 N.J. Super. 531 (App. Div. 1949).
The new trial was had before an acting magistrate of the municipal court and on May 8, 1950, a judgment of conviction was entered. At the outset of this trial, the defendant challenged the jurisdiction of the acting magistrate to sit in the case, and when this challenge was overruled he took no part in the trial. When the defendant appealed to this court from this judgment of conviction, the plaintiff moved to dismiss the appeal. With the consent of the parties, the Appellate Division entered an order transferring the appeal to the Union County Court. Following the transfer, there was a trial de novo on the merits in the Union County Court in which the defendant participated, cross-examining the witnesses for the State, introducing witnesses for the defense, and taking the witness stand himself in an endeavor to meet the case made by the State.
At the close of the trial de novo, the defendant argued that he should be acquitted because (1) the acting magistrate, who heard the cause in the Municipal Court of Plainfield and convicted the defendant, had no jurisdiction to hear and determine the matter, and (2) a conviction on the evidence adduced in the County Court would be against the weight of the evidence. *131 On this appeal the defendant advances the same grounds for reversal.
The County Court, in convicting the defendant, disregarded all evidence of any test made in connection with the Harger Breath Test or Drunkometer Test, and found the defendant guilty on other testimony given by the officer who arrested the defendant and by the doctor who examined him. Our examination of the record satisfies us that the County Court's finding was not against the weight of the evidence and is amply supported by the testimony relied upon. Cf. State v. Myers, 136 N.J.L. 288 (Sup. Ct. 1947).
The acting magistrate heard and determined the matter in the municipal court under a designation made by the magistrate pursuant to Rule 8:13-2. It is admitted that the designation met all formal requirements. Rule 8:13-2 authorizes any magistrate to make such a designation whenever he "shall be unable to sit as such magistrate." The defendant's argument is that the magistrate of the Municipal Court of Plainfield was present and able to act and therefore he lacked power to designate anyone else to sit for him as acting magistrate. Other than the fact that the magistrate was present in the building, there is nothing in the record to indicate whether the magistrate was able or unable to sit as such magistrate. In any event, there can be no question of the jurisdiction of the municipal court over the subject matter.
When a case is tried de novo on appeal in the County Court, the judgment of the County Court nullifies the judgment of the municipal court. Rule 2:11; Newbury v. Lawrence, 4 N.J. Misc. 267 (Sup. Ct. 1926); affirmed, 103 N.J.L. 199 (E. & A. 1926); State v. Court of Common Pleas of Essex Co., 2 N.J. Misc. 1143 (Sup. Ct. 1924). The judgment under review on this appeal is the judgment of the County Court on the trial de novo and the defendant is entitled to a review of that judgment only. Kluczek v. State, 115 N.J.L. 105 (Sup. Ct. 1935). Since the defendant participated in the trial on the merits before the County Court, he waived all defects, if any, in the conviction before the municipal court, other than lack of jurisdiction of the subject *132 matter. State v. Rosenblum, 102 N.J.L. 125 (E. & A. 1925); Kluczek v. State, above; Newbury v. Lawrence, above.
The judgment is affirmed.