14 N.J. Super. 234 (1951)
81 A.2d 834
THE STATE OF NEW JERSEY, (THOMAS ALSTON, COMPLAINANT) PLAINTIFF-RESPONDENT,
v.
LAWRENCE J. WALTERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Mercer County Court Law Division.
Decided June 13, 1951.
*235 Mr. Henry F. Gill, attorney for appellant.
Mr. Mario H. Volpe, Prosecutor of the Pleas (Mr. Frederick English, Assistant Prosecutor, appearing), for the State.
HUTCHINSON, J.C.C.
The defendant (appellant in this court) was convicted in the Municipal Court of the Township of Hamilton in this county on August 19, 1950, of a violation of R.S. 39:4-97 and appeals therefrom. This matter arises on a motion by the appellant to dismiss the complaint.
It is admitted that the complaint upon which the conviction was based was made before an individual who took the same as "deputy clerk"; that this person was appointed clerk in the police department of the Township of Hamilton by resolution of the governing body of that township in the year 1942; that he was appointed violations clerk of the municipal court of the same township by resolution of the governing body in the year 1950 before this complaint was taken by him; that he was never, by ordinance or resolution of the governing body, appointed clerk of the municipal court of said township.
R.S. 39:5-3 provides in brief that a proceeding to enforce the statute upon which this conviction is based shall begin by a complaint, in writing and duly verified, made to a magistrate, that the person complained of has violated a provision of the traffic regulation statute, and that the complaint *236 shall be made before a magistrate of the municipality in which the violation occurred. It also provides that the complaint shall be made to a magistrate in the next nearest municipality in the event that there is no magistrate in the municipality in which the violation occurred, or that he is disqualified, unavailable, or for any other legal cause. It also appears that the appellant (defendant in the court below) proceeded to trial on the merits upon this complaint before the magistrate of the municipal court.
The appellant contends that the individual before whom the complaint was made had no power or authority to accept the complaint as clerk of the police department or as violations clerk, and that, therefore, the court was without jurisdiction, the complaint was invalid, and the conviction thereon was a nullity and should be reversed. The respondent insists that the individual who accepted the complaint was a de facto officer because of his selection by a magistrate of the municipal court and, with the acquiescence of the governing body of the township, exercised the functions of court clerk; that, by entering into possession of the office and exercising his functions by reason of the informal or defective appointment, he was a de facto officer and his acts as such to third persons and the public are valid.
The respondent also contends that by participating in the trial before the municipal court magistrate on the merits the appellant waived any question as to the jurisdiction of the court or any defects in the proceedings; and further, that he waived any such defects by appealing from the conviction to this court.
The statute which this appellant was convicted of violating is penal in its nature. It provides specifically for the procedure to be followed in punishing offenders for violation thereof, among them being the requirement that the complaint shall be made to a magistrate in writing and duly verified.
This court only obtains jurisdiction on appeal and to try the case de novo on the complaint made in the municipal court. It is without power to substitute in a summary *237 proceeding on a penal statute a new complaint and compel the accused to answer thereto. Sullivan v. State, 3 N.J. Misc. 397 (Sup. Ct. 1925). Upon a trial de novo on appeal to this court from a judgment of conviction in the municipal court, the complaint and initiatory proceedings prescribed by the statute, jurisdictional as they are, may be raised in this court for the first time as though the proceedings were originally initiated in this court. The complaint was the foundation of the action and must conform to the statute. It may, therefore, be properly objected to for the first time upon appeal. Sullivan v. State, supra.
Rule 2:11, subparagraph (h), as in effect at the time this appeal was taken, was silent as to waiver of defects in the record by the taking of an appeal. It was subsequently amended on December 7, 1950, to provide: "The appeal shall operate as a waiver of all defects in the record, including any defect in, or the absence of any process or charge laid in the complaint," and also gives the appellate court broad powers to amend the complaint.
R.S. 39:5-11 provides that an appeal of this nature shall operate as an application for a trial de novo in the appellate court and as a consent that such court may, during or before a trial, amend the complaint by making the charge more specifically definite or certain, or in any other manner.
None of these provisions, whether by statute or rule, gives the appellate court power to correct a defect in the complaint which is jurisdictional in nature, but assumes by implication the existence of a complaint validly made before a proper officer.
It is, therefore, concluded that the complaint was invalid ab initio and all proceedings taken thereunder were illegal. The participation by the appellant in the trial below and his taking of an appeal to this court, did not operate as a waiver of his right to object to the jurisdiction of the former for the first time on his appeal to this court.
The appellant's motion to dismiss the complaint against him is, therefore, granted, and the conviction in the municipal court is reversed.