19 N.J. Super. 60 (1952)
87 A.2d 774
STATE OF NEW JERSEY, LLOYD J. SMITH, PLAINTIFFS,
v.
DENIS BOUTOTE, ALSO KNOWN AS DENNIS BOUTOTE, DEFENDANT.
Superior Court of New Jersey, Monmouth County Court Criminal Division.
Decided March 18, 1952.
*61 Mr. John Pillsbury, Assistant Prosecutor of the Pleas, attorney for the plaintiffs.
Mr. Harry Sagotsky, attorney for the defendant.
WOODS, J.S.C.
The defendant appeared before the Monmouth County Court on December 18, 1951, on a charge of violating R.S. 39:4-50, commonly referred to as the statute where the defendant is accused of operating a motor vehicle while under the influence of intoxicating liquor. In fact, the case was up on appeal from the municipal court of the Township of Freehold. The facts in the main are set forth in a brief on facts and law filed with this court by the defense attorney. This was done shortly after the court heard a motion to dismiss the complaint and the action was heard on its merits. Up to this time this court has not received from the assistant prosecutor of the pleas any memorandum to answer the points raised by counsel for the defendant.
*62 The testimony revealed that the defendant was arrested in Freehold Township on October 30, 1951, by Motor Vehicle Inspector Lloyd J. Smith and Inspector Vogel at about 5:30 o'clock in the afternoon. At the time the defendant was driving an automobile which he had purchased for the price of $90, and which vehicle he had bought from his son, Danny Boutote, at the Cameron-Roberson Agency in Freehold Township. The car was of such character that it was rejected at the motor vehicle inspection station because the wheels were out of line and wobbled from side to side. This testimony was adduced by the defendant and corroborated by the son. Inspector Smith testified that the defendant parked his car on the right-hand side of the road and that he drove the defendant's car for over 100 feet and did not see any mechanical defect in the wheels.
The court will not review all of the testimony of the witnesses, although it has before it copious notes taken at the time of the hearing. The brief of the defense counsel recites the facts in the main. The motor vehicle inspector as well as the doctor were of the opinion that the defendant was under the influence of intoxicating liquor at the time he was arrested and was examined. There was testimony on both sides for the court to weigh, but it is chiefly concerned with the matter of jurisdiction.
It was conceded at the hearing that Magistrate Charles F. Dittmar was the magistrate duly elected for the Township of Freehold and also for the Borough of Freehold; that on hearings on infractions of the law that occurred in the township and in the borough he had designated places respectively assigned to each municipality; that the defendant was accused of violating the motor vehicle act in the Township of Freehold, and that he was tried in the Borough of Freehold.
Our Supreme Court rules provide with respect to the court room as follows:
Rule 8:13-6: "Where the municipality in which a court is held owns or maintains a building or buildings for the conduct of municipal *63 business, the court shall be held in one of such buildings. Where there is no such building, court shall be held in any other public building or in such other place as shall be provided by ordinance or resolution. In either case, court shall be held only in a room or rooms in which place is provided for the magistrate to sit apart from the parties, counsel, witnesses and spectators, and in which adequate seating accommodations are available for all persons lawfully present. The magistrate shall require that his courtroom shall at all times be kept clean and maintained in an orderly and dignified manner."
There was also introduced in evidence a certified copy of a resolution passed by the municipal authorities of Freehold Township on May 27, 1950, which was as follows:
"WHEREAS, it has been ascertained that the Township Meeting Room is inadequate for use as a Municipal Court,
NOW THEREFORE BE IT RESOLVED, that the East Freehold School be redecorated and remodeled for the use of said Court and that on and after October 1, 1950, the aforesaid School Building be used for the Freehold Township Municipal Court."
We are reminded, too, that R.S. 2:120-3, dealing with the holding of courts at other than regular places, provides as follows:
"Any justice of the peace, magistrate, police judge or recorder who shall hold any court in or upon any highway or at any place except his regular and customary office for holding said court, shall be guilty of a misdemeanor."
Counsel for the defendant asks this court that the conviction below be set aside; that the defendant's bail be discharged; and that his driver's license be restored.
We quote Rule 2:11, paragraph (h) (1) and (2), dealing with hearing on appeal:
"(1) The appeal shall operate as an application for a trial de novo without a jury in the court to which the appeal is taken and the proceedings shall be taken stenographically.
(2) The appeal shall operate as a waiver of all defects in the record, including any defect in, or the absence of any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by *64 making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances, of which the tribunal from whose judgment or sentence the appeal is taken had jurisdiction."
In the case of State v. Walters, 14 N.J. Super. 234, at page 236 (Cty. Ct. 1951), Judge Hutchinson aptly remarked:
"This court only obtains jurisdiction on appeal and to try the case de novo on the complaint made in the municipal court. It is without power to substitute in a summary proceeding on a penal statute a new complaint and compel the accused to answer thereto. Sullivan v. State, 3 N.J. Misc. 397 (Sup. Ct. 1925). Upon a trial de novo on appeal to this court from a judgment of conviction in the municipal court, the complaint and initiatory proceedings prescribed by the statute, jurisdictional as they are, may be raised in this court for the first time as though the proceedings were originally initiated in this court. The complaint was the foundation of the action and must conform to the statute. It may, therefore, be properly objected to for the first time upon appeal. Sullivan v. State, supra."
At the opening of the hearing in this cause, counsel for the defendant moved to dismiss the charge lodged against the defendant for the first time, and at that time the court reserved its decision to rule on the motion and requested the State to proceed with the hearing on the merits. In the Walters case the court concluded that the complaint was invalid ab initio and that all proceedings taken thereunder were illegal, and further stated that the participation by the appellant in the trial below and his taking of the appeal to the County Court did not operate as a waiver of his right to object to the jurisdiction of the former for the first time on his appeal to the County Court. The motion to dismiss the complaint was granted and the conviction in the municipal court was reversed.
In the case of State v. Hunter, 12 N.J. Super. 128 (App. Div. 1951), Clayton L. Hunter was convicted of operating a motor vehicle while under the influence of intoxicating liquor after hearing before the municipal magistrate of Plainfield. The court does not recite the facts in that case except to *65 report that at the close of the trial de novo the defendant argued that he should be acquitted because in the municipal court of Plainfield there was no jurisdiction to hear and determine the matter and, further, that a conviction on the evidence adduced in the County Court would be against the weight of the evidence. This matter reached the Appellate Division of the Superior Court and the Appellate Division found as a matter of fact that the magistrate was a duly constituted and designated magistrate and that the designated magistrate had jurisdiction over the subject matter. The last paragraph of Judge McGeehan's opinion in this case reads as follows:
"When a case is tried de novo on appeal in the County Court, the judgment of the County Court nullifies the judgment of the municipal court. Rule 2:11; Newbury v. Lawrence, 132 A. 306, 4 N.J. Misc. 267 (Sup. Ct. 1926), affirmed 103 N.J.L. 199, 134 A. 918 (E. & A. 1926); State v. Court of Common Pleas of Essex Co., 2 N.J. Misc. 1143, 126 A. 676 (Sup. Ct. 1924). The judgment under review on this appeal is the judgment of the County Court on the trial de novo and the defendant is entitled to a review of that judgment only. Kluczek v. State, 115 N.J.L. 105, 178 A. 632 (Sup. Ct. 1935). Since the defendant participated in the trial on the merits before the County Court, he waived all defects, if any, in the conviction before the municipal court, other than lack of jurisdiction of the subject matter. State v. Rosenblum, 102 N.J.L. 125, 130 A. 614 (E. & A. 1925); Kluczek v. State, above, Newbury v. Lawrence, above."
Naturally, therefore, this case limits itself to the matter of jurisdiction and a trial on the merits. Jurisdiction is generally defined "as the authority or power which a man has to do justice in causes of complaint brought before him; the power and authority to declare the law. * * * Jurisdiction always emanates directly and immediately from the law; it is a power which nobody upon whom the law has not conferred it can exercise." 35 C.J. 426-427, 50 C.J.S., Jurisdiction, § 296, page 1090.
It is plainly to be observed under Rule 8:13-6 of our court that the court must be held in such building as shall be provided by ordinance or resolution. In the case before *66 us, this the magistrate did not do. He was clothed with such power to sit in Freehold Township and also in Freehold Borough. He sat in Freehold Borough either on the ground of convenience, or on the ground of suggestion and acquiescence. Be that as it may, we are not concerned. Under our rules any judgment pronounced was void ab initio.
At the outset of the hearing on appeal counsel for the defendant immediately moved to dismiss, and the court had to take cognizance of the same, and this it does agreeable to the statement then and there made by the court, without passing on the merits of whether or no the defendant was guilty under R.S. 39:4-50. The cases already referred to, and more particularly the case of State, Eugene Hershoff, Prosecutor, v. Treasurer of the City of Beverly, 43 N.J.L. 139 (Sup. Ct. 1881), are very much in point and are sufficient to convince us that they cover the points raised by defense counsel on the motion addressed to the court. In the latter case, Reed, J., at page 141 said:
"But if the proceedings had all the attributes of regularity, there is another matter apparent upon the record which strikes at the jurisdiction of the justice. The record shows that the defendant was to appear and then presumably to stand trial at a place beyond the limits of the city of Beverly, while the court held by the justice was a city court. * * * Now the summons commands the defendant to appear at the office of the justice in the township of Beverly. The township of Beverly and the city of Beverly are distinct political corporations. The township of Beverly, erected by the act of 1859, territorially differs from the city of Beverly. The appearance of the defendant was, so far as the record shows, outside of the city limits; and the subsequent proceedings were presumably taken without the city. The justice had no jurisdiction to try a cause and render judgment therein in an action brought by virtue of the charter of Beverly, unless he sat within the city. People v. Mont. Com. Pleas, 18 Wend. 633; Bonner v. McPhail, 31 Barb. 107."
The conviction being void ab initio, the request of counsel for the defendant on the conviction must be granted.