ESSEX COUNTY COURT OF COMMON PLEAS.

STATE OF NEW JERSEY v. STAEFEL PAERLES.

Decided March 10, 1932.

For the state, *Joseph L. Smith* (by *Leon W. Kapp*), prosecutor of the pleas.

For the defendant, *Samuel Dreskin.*

HARTSHORNE, J. On the trial *de novo* after three concurrent convictions of violations of the Motor Vehicle act defendant moves to dismiss, attacking on several grounds the complaints, the warrants and the conviction records.

The complaints charge that defendant, on October 12th, 1931, (1) operated a motor vehicle while under the influence of intoxicating liquor "in the city of East Orange; to wit, on William street;" (2) that on the same day and at the same place he did "operate a motor vehicle after his license had been revoked," and that, (3) on the same day and place he was a hit-and-run driver.

Defendant contested the matter in the Recorder's Court on the merits. This, of course, constituted a waiver of all objections as to jurisdiction of the court over his person. *State* v. *Rosenblum,* 102 *N. J. L.* 125. Hence the objections to the warrants fall to the ground. Such contest on the merits

does not, however, by the express language of the above decision, constitute a waiver of objections to jurisdiction over the subject-matter, nor could the express consent of the defendant grant this jurisdiction, if lacking. Defendant argues that this jurisdiction over the subject-matter is lacking because the complaint does not conform to the requirement of the statute, citing the Motor Vehicle act, section 25, sub-section 1, to the effect that "the complaint and process shall state * * * the time, place and nature of said violation." Defendant objects that the allegation of the day is not an allegation of the "time," and that the allegation of the street is not a sufficient allegation of the "place," citing the case of *Peck* v. *Fair Haven Railroad* (*Conn.*), 58 *Atl. Rep.* 757. This case holds that the words "time" and "place" in a statute require a statement of the day and hour. But as that case says, "the words of a statute are to be tested with reference to the purpose required." Since the purpose of the Connecticut statute was to apprise third parties of an accident of which they might have no knowledge, exactness was requisite. Here the purpose of the statute is to apprise the defendant of facts of which he either has knowledge or, if he has not, the lack of specification of the exact hour and of the exact spot cannot harm him in the slightest for then he cannot possibly be guilty. Accordingly, assuming the objections raised apply to the court's jurisdiction over the subject-matter, they are insubstantial.

The similar objection to the verification of the complaint before the clerk is groundless, not only because section 25 of the act provides merely that the complaint may be made "to" any magistrate, not that it shall be "verified before" any magistrate, but because such section also provides that "all acts * * * in connection with the taking of complaints * * * may be performed by the clerk." The objections to the complaints, as to their failure to sufficiently specify the character of the offense, are groundless in fact.

Defendant further objects to the record of convictions as returned by the magistrate. The objection that same are not signed by the magistrate as required by *Pamph. L.* 1923,

*ch.* 137, but by the clerk, is invalid in view of the subsequent amendment of the Motor Vehicle act, section 25, subsection 1, providing that, "all ministerial acts and proceedings subsequent to trial may be performed by the clerk or deputy clerk."

Defendant's final objections to the record of convictions are that they fail to set forth the names of all of the witnesses who testified, that they fail to set out the substance of the evidence, or the transcript of the evidence, and that they do not show of what section of the act the defendant was found guilty.

As to the last objection, since the complaints specify the offense, and the conviction returned therewith finds the defendant guilty "as charged," the conviction is proper in that aspect. *State* v. *Whitaker,* 146 *Atl. Rep.* 42; 7 *N. J. Mis. R.* 395. As to the failure to return the evidence, it must be noted, first, that Recorders' Courts have no court stenographers and, second, that "it shall be the duty of the magistrate * * * to send all papers * * * together with a transcript of the proceedings in the case to the Court of Common Pleas." Section 28. Accordingly, the statute cannot possibly refer to a stenographic transcript of the evidence.

Further, it is far from clear why the failure of the magistrate, who is not counsel for the state, but the arbiter between the parties in the court below, should penalize the state, and not the defendant, whose normal duty it would be to see that his own record on appeal is perfected.

The transcript not affecting jurisdiction over either the subject-matter or the person in the court below, and having been filed as required by the above 1923 act, the Common Pleas would not seem to lack all jurisdiction for a mere defect therein, but to have the right, if not the duty, to retain jurisdiction until the opportunity had been presented "to amend all defects" as expressly authorized in section 28 of the Motor Vehicle act.

Motion to dismiss will, accordingly, be denied.