13 N.J. Super. 302 (1951)
80 A.2d 341
STATE OF NEW JERSEY, PLAINTIFF,
v.
ENIS FINATE AND MADELINE FINATE, DEFENDANTS.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided April 18, 1951.
*303 Mr. Joseph P. Hanrahan, for the defendants.
Mr. Horace K. Roberson, Prosecutor of Hudson County (Mr. Frank J.V. Gimino, Assistant Prosecutor, appearing), for the State of New Jersey.
ZIEGENER, J.C.C.
Enis Finate and Madeline Finate, defendants, appeal from judgments of conviction rendered against them by the Municipal Court of Weehawken, New Jersey, on October 2, 1950, in which they were adjudged guilty of violating R.S. 2:202-8, commonly called the Disorderly Persons Act. The specific charge against Enis Finate is that on September 17, 1950, at 7:30 P.M., or thereabouts, said Enis Finate did utter certain loud and offensive or indecent language from the yard of 168 Highwood Avenue, Weehawken, New Jersey; the specific charge against Madeline Finate is that on July 12, 1950, at 7:30 P.M., or thereabouts, and again on September 17, 1950, at 7:30 P.M., or thereabouts, said Madeline Finate did utter loud and offensive or indecent language, on both occasions, from the porch of 168 Highwood Avenue aforesaid. Each of the defendants was fined $25, and said fines were paid.
It has been established that 168 Highwood Avenue, Weehawken, New Jersey, where it is alleged the offenses were committed, is the home of the defendants. The statute which they are accused of violating reads as follows: "Any person who, being under the influence of intoxicating liquor, shall loiter in any public or quasi-public place, or in or upon any private property not his own within this state, or who, not being under the influence of intoxicating liquor, shall there indulge in and utter loud and offensive or indecent language, shall be adjudged a disorderly person."
*304 The statute itself indicates that a person cannot be charged with an offense thereunder while on his own property. And to cover this situation many municipalities have adopted ordinances relating to disorderly conduct upon one's own property. However, it is immediately apparent that the defendants here cannot be guilty of an offense under this section.
The defendants' motion to dismiss the complaint, preliminary to the trial de novo, is opposed by the State on the ground that the sufficiency of the complaint cannot be attacked in view of Rule 2:11 (h), which now reads to the effect that an appeal of this nature operates as a waiver of defects in the record, the process, or the complaint, and also that an appeal is a consent that the court may, during or before the hearing of the appeal, amend the complaint in any manner, including the substitution of a new charge growing out of the alleged act or acts complained of.
However, the present Rule 2:11 (h) was promulgated and made effective on December 7, 1950. Defendants perfected their appeals on October 27, 1950, at which time Rule 2:11 (h) did not include the provisions above mentioned. The defendants cannot now be deprived of any rights they had at the time of appeal by imposing upon them the provisions of the present rule which were not in effect at that time. The constitutional mandate as to ex post facto laws is applicable to rules of court when such rules have the effect of law. In the instant cases the rights of the defendants which existed on October 27, 1950, the date their appeals were perfected, cannot be altered, decreased or increased by subsequent legislative or court action which is purely prospective in nature and does not indicate any retrospective intent. Neel v. Ball, 6 N.J. 546 (1951). Rule 2:11 provides for the only method of appealing a judgment or order in a criminal cause or proceeding in an inferior court of limited criminal jurisdiction, other than a criminal judicial district court, and such appeal is a matter of right as to those offenses committed after September 15, 1948, the effective date of *305 the Judicial Article of the 1947 New Jersey Constitution. (See State v. Yaccarino, 3 N.J. 291, at p. 296.) And, it necessarily follows that amendment to Rule 2:11 operates only from the date of such amendment and affects only those appeals taken thereafter.
The complaints in both cases will be dismissed, the convictions of the defendants set aside, and all fines and costs paid by the defendants returned to them.