23 N.J. Super. 56 (1952)
92 A.2d 529
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HENRY G. AUF DER HEIDE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Morris County Court Law Division.
Decided October 31, 1952.
*57 Mr. John D. Collins, attorney for plaintiff-respondent.
Mr. Anthony J. Armore, attorney for defendant-appellant.
BARRETT, J.C.C.
Defendant-appellant was convicted by the Magistrate of Randolph Township, Morris County, of violating R.S. 39:4-98(c) and he brings this appeal.
On May 10, 1952 the arresting officer prepared and signed the four parts of the uniform traffic ticket and gave the summons to the defendant-appellant. The magistrate did not know the signature of the arresting officer and for that reason refused to sign the jurat on the complaint. At the time of the hearing of the appeal the complaint was produced which was not signed by the magistrate. The defendant-appellant pleaded not guilty to the complaint in the municipal court and participated in the trial and was convicted.
The defendant-appellant at the trial de novo in this court argues that the complaint was not verified as required under R.S. 39:5-3 and Rule 8:3-1 and therefore the court has no jurisdiction over the subject matter.
The plaintiff-respondent claims that by his participation in the trial in the municipal court, and by taking this appeal, the defendant-appellant has waived his right to claim any defects in the proceeding before the magistrate or to the jurisdiction of this court. Further, that inasmuch as the defendant-appellant did not raise the question of jurisdiction in the municipal court he cannot, for the first time, raise the question in this court. State v. Hunter, 12 N.J. Super. 128 *58 (App. Div. 1951), states that where "defendant participated in the trial on the merits * * * he waived all defects, if any, * * * other than lack of jurisdiction of the subject matter."
R.S. 39:5-3 provides that the complaint must be in writing and duly verified. Rule 8:3-1 provides that the complaint shall be made upon oath before a magistrate or other proper officer.
The plaintiff-respondent argues that R.S. 39:5-10 and 11 places the duty upon the defendant-appellant to object to matters concerning jurisdiction, etc., before trial, and if this is not done the question of jurisdiction is waived.
R.S. 39:5-10 and 11 did not nullify the provisions of R.S. 39:5-3 which provides that the complaint must be verified. The sections relied upon by the plaintiff-respondent relate to jurisdiction over the person not of the subject matter.
In the case of State v. Paerles, 159 A. 701 (C.P. 1932), the court stated that the defendant's express consent cannot confer jurisdiction over subject-matter, if lacking. A contest on the merits of prosecution for violating the Motor Vehicle Act does not constitute waiver of objections to jurisdiction over subject-matter.
In the case of Sullivan v. State, 3 N.J. Misc. 397 (Sup. Ct. 1925), the court states that "Since the complaint was the foundation of the action, and must conform to the statute, it may be properly objected to, for the first time, upon appeal." This same principle of law was enunciated in the case of State v. Walters, 14 N.J. Super. 234 (Cty. Ct. 1951). It also stated, in effect, that a complaint that was verified before an improper officer was invalid and any proceedings taken thereunder were illegal, even though the defendant participated in the trial and took an appeal to the County Court.
Since the complaint in this case was not verified it was invalid and all proceedings taken thereunder were illegal. The participation by the defendant-appellant in *59 the trial below and his taking of an appeal to this court, does not operate as a waiver of his right to object to the jurisdiction of the court for the first time on his appeal to this court.
The defendant-appellant's motion to dismiss the complaint against him is granted and the conviction in the municipal court is set aside.
In passing it might be noted that the complainant could have filed a new and proper complaint to overcome the technical difficulty here encountered.