29 N.J. Super. 347 (1954)
102 A.2d 687
STATE OF NEW JERSEY, PLAINTIFF-APPELLEE,
v.
CLARENCE R. MILLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided January 18, 1954.
*348 Mr. Frederick T. Law, Prosecutor of the Pleas, attorney for the State (Mr. Frank J.V. Gimino, Assistant Prosecutor of the Pleas, of counsel).
Messrs. Stryker, Tams & Horner (Mr. John J. Monigan, Jr., appearing), attorneys for defendant-appellant.
DREWEN, J.C.C.
Complaint was made in the traffic court in due form for a violation of R.S. 39:3-84 (overloading of a motor vehicle). The party charged with the violation is the defendant-appellant Miller. It appears that the only defense was a challenge to the jurisdiction of the court. The challenge was overruled, and that provides the sole question presented on the appeal.
It is urged that jurisdiction is lacking by reason of the failure to comply with the requirements of R.S. 39:5-3 respecting the service of summons or warrant upon the person charged. See also Rule 8:3-2 (B) (3) (c), now R.R. 8:3-2(c) (3) (ii). The State admits that no process was served. From detailed affidavits filed  that being the form in which the parties agreed to submit the matter  it appears that the driver, one Strohecker, was halted by a state motor vehicle inspector and taken into custody. The arrest was made in the vicinity of the Pulaski Skyway in this county. An examination of the truck and its load revealed the violation. *349 From that point on the affidavits are replete with detailed statements of the arrangement made at defendant's instance for releasing the loaded truck and at the same time holding its owner to answer the charge under bond to secure his appearance. The affidavits are filed with the clerk as part of the record in the case. Among the affiants are Daniel F. Keegan, sergeant-at-arms of the Traffic Court; Jacob Chasen, clerk of the Traffic Court; James O'Holloran, representative of the bonding company that executed the bond, and the said defendant-appellant Miller.
It appears to me to be beyond question, from the affidavit proofs, that Miller, as defendant, submitted to the jurisdiction. He assented explicitly to certain things, by means of which assent the Traffic Court authorities were induced by him to release the truck. Scarcely more than appellant's own affidavit is required to substantiate this conclusion. He expressly authorized his driver, Strohecker, to execute the bond in his (Miller's) behalf, as principal, and authorized O'Holloran to execute it on behalf of his company as surety. The authority thus clearly given by appellant was just as clearly acted upon and carried out. The result is, as stated, that he submitted to the jurisdiction and is not now in a legal position to question it. The circumstances that defendant's undertakings and inducements were made over the telephone in no way alters the situation legally. The proof presents no substantial dispute of fact. The statements made by Miller, to escape from his position, that he did not know and was not made aware of the nature and effect of the bond he had authorized the driver and the bonding company representative to sign, I cannot credit. His conclusional assertion that he did not "consent to the jurisdiction" is directly at variance with the unmistakable import of his conduct.
The State argues that the appeal is in itself a waiver of any lack of or defect in process. R.R. 3:10-10(b). In view of the conclusion reached, the point is academic. I think, however, the waiver does not take effect where jurisdiction is the sole question on appeal.
*350 Motor vehicles are operated in a vast enterprise of freight haulage over the highways of the state and nation. They are driven by employes engaged for the purpose, and not by their owners. Were we to hold to the technical requirements of service in every case, in spite of the clear evidence of its waiver as evinced in these proofs, the result would virtually paralyze enforcement in most important respects, or necessarily work great injustice. The traffic violation presently charged, it is reasonable to suppose, is not one committed by the driver, but is proprietary in nature. The driver must haul what he is told to haul. I think the natural compulsions of the whole situation must be recognized so as to support the view here taken. Nationwide motor traffic in the haulage of freight over state lines presents its own imperatives and such that precise requirements like those of personal service in a case of this kind simply cannot govern. If they must be adhered to in such cases incalculable blockage of traffic can be looked for. Some degree of accommodation is unavoidable, and I see no departure from the law in holding that the accused here could not deal with the authorities as he did for the reclaiming of his truck and setting it back upon its course, and at the same time elude the jurisdiction of the court.
Since this is a trial de novo (R.R. 3:10-10) and appellant raises here the question of jurisdiction, and nothing else, something of an anomaly may be said to result. The jurisdictional ground of the appeal, however, is made exclusive by appellant in so many words. No factual determination is sought here. The opening statement in appellant's brief is: "This matter comes before the Court on the appeal * * * upon the ground that the purported service upon the said defendant * * * was ineffective to confer upon the said Court jurisdiction over the person of the said defendant." Appellant has no right to a piecemeal review of the lower court's action. So, this being a trial de novo, and appellant having put it in the posture stated, there is but one thing for the court to do. I find the defendant-appellant guilty and sentence him to pay a fine of $200 and costs.