38 N.J. Super. 196 (1955)
118 A.2d 437
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BERNARD C. BERNSTEIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided November 18, 1955.
*197 Mr. Charles V. Webb, Jr. (Mr. Sanford Freedman appearing), attorney for plaintiff-respondent.
Mr. Irving N. Yankowitz, attorney for defendant-appellant.
WAUGH, J.C.C.
A complaint was made in the Municipal Court of Irvington, Essex County, New Jersey, alleging that the appellant operated a motor vehicle carelessly on August 26, 1955, within the Town of Irvington, in violation of N.J.S.A. 39:4-97.
Process (summons) was issued on August 26, 1955, the date of the alleged offense, in the form required by R.R. 8:10-1, "Uniform Traffic Ticket," requiring the defendant to appear before the magistrate of the Irvington Municipal Court.
*198 The complaint was sworn to on August 30, 1955. The hearing thereon was adjourned from September 8, 1955 to September 27, 1955. The reason for such adjournment does not appear in the record, the case having been submitted without testimony.
Trial in the municipal court was held on September 27, 1955. The defendant was acquitted of the careless driving charge under N.J.S.A. 39:4-97. The magistrate then amended the complaint to charge a violation under N.J.S.A. 39:4-92, i.e., "following too close to a fire apparatus." Thereupon the defendant was found guilty of the charge in the amended complaint and was fined $10 and assessed costs of $5.
It is not suggested that the appellant was surprised by the amendment, or that he requested any adjournment. The appeal is based solely upon lack of jurisdiction.
It will be noted at once that the amendment was made more than 30 days after the date of the alleged offense.
Appellant submits the case to this court solely upon the question of "lack of jurisdiction in the Municipal Court of Irvington." If that court lacked jurisdiction, there must be a reversal.
The alleged lack of jurisdiction is based on N.J.S.A. 39:5-3, which reads as follows:
"When a person has violated a provision of this subtitle, the magistrate may, within thirty days after the commission of the offense, issue process directed to a constable, police officer, an inspector of motor vehicles or the director for the appearance or arrest of the person so charged. A complaint may be made to a magistrate for a violation of sections 39:3-12, 39:3-34, 39:3-37, 39:4-129 or 39:10-24 of this title, at any time within one year after the commission of the offense. * * *"
This section, appellant contends, is the statute of limitations which bars the complaint, or an amendment of the original complaint charging an entirely different violation, made after 30 days has elapsed from the date of the alleged offense. The municipal court having made such an amendment *199 here, appellant contends it thereby lost jurisdiction of the subject matter.
It is settled that objection to jurisdiction may be made at any time, including the time of the beginning of a trial de novo before a County Court. State v. Miller, 29 N.J. Super. 347 (Cty. Ct. 1954); State v. Walters, 14 N.J. Super. 234 (Cty. Ct. 1951); State v. Auf Der Heide, 23 N.J. Super. 56 (Cty. Ct. 1952).
The difficulty with the appellant's position, as this court views it, is this. Prior to March 19, 1953 N.J.S.A. 39:5-3 required the complaint to be sworn to within 30 days after the offense. Before that date, that section of the statutes contained this first sentence:
"A complaint, in writing and duly verified having been made to a magistrate, that a person has violated a provision of this subtitle, the magistrate may, within thirty days after the commission of the offense, issue either a summons or warrant * * *."
When Title 39 was revised, the requirement that a verified complaint precede the issuance of the process was deleted and the statute now contains a time limitation only as to issuance of process. There can be no doubt that process includes a summons or a warrant.
It is clear under our traffic violation procedure that the issuance of a summons or warrant (process) precedes the verification of a complaint.
The revision of R.S. 39:5-3 was made by L. 1953, c. 36, p. 619, par. 6, effective March 19, 1953. The statement appended to the bill which proposed this revision contains no explanation for the omission of the provision making the filing of a verified complaint a necessary precedent to the issuance of process. It was undoubtedly thus revised for the reason that the form of the complaint, at least as to verification and amendment, was deemed merely procedural.
Therefore, in this case, as the 1953 revision of the statute is presently effective, the requirement that process shall issue within 30 days after the alleged offense was complied with. Furthermore, the complaint charging violation *200 of N.J.S.A. 39:4-97 was verified on August 30, 1955. The summons unnecessarily contained a reference to a section of the statute violated rather than merely a description of the offense charged.
Appellant urges that R.R. 8:12-1, read in conjunction with R.R. 3:1-1 and R.R. 3:4-5, clearly establishes that an amendment to a complaint which charges a violation of a section of the statute different from that charged in the original complaint, is not permissible if made 30 days or more after the date of the alleged offense.
The court concludes, however, that R.R. 3:4-5 is not controlling here, but that R.R. 8:12-3 specifically applies to the situation and that this rule clearly permits such an amendment to be made. The latter rule provides as follows:
"The magistrate may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial. If the defendant is surprised as a result of such amendment, the magistrate shall adjourn the hearing to some future day, upon such terms as he shall think proper."
The court holds that the amendment was permissible, and that, therefore, both the court below and this court have jurisdiction of the person and subject matter.
The defendant is found guilty, a fine of $10 is imposed, plus $5 costs.