53 N.J. Super. 264 (1958)
147 A.2d 52
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BIGLEY BROS., INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1958.
Decided December 22, 1958.
*265 Before Judges GOLDMANN, CONFORD and FREUND.
Miss June Strelecki, Deputy Attorney General, argued the cause for plaintiff-appellant (Mr. David D. Furman, Attorney General, attorney).
Mr. Henry Milberg argued the cause for defendant-respondent (Mr. Joseph Moritz, attorney).
*266 The opinion of the court was delivered by CONFORD, J.A.D.
The State appeals from the reversal by the Morris County Court of a conviction of the defendant in the Municipal Court of Parsippany-Troy Hills for operation of an overwidth truck in violation of N.J.S.A. 39:3-84. The reversal was based upon the ground that the complaint in the municipal court was unverified in contemplation of law because the individual who took the jurat to the affidavit of verification purportedly as clerk of the court was not legally in office as such clerk by any valid appointment at the time he acted in the present matter.
The original briefs on the appeal of this case dealt substantially only with the question as to the validity of the appointment of Frank Castro, who took the jurat, as municipal court clerk, within the requirements of N.J.S. 2A:8-13 and the statute relating to the form of government of the municipality (N.J.S.A. 40:69A-31 to 48; Mayor-Council Plan A), and as to the existence and effect of his status as clerk de facto if not de jure in relation to the efficacy of his action in taking the jurat. At the oral argument we directed the parties to file supplemental briefs bearing upon the question, among others, as to whether the alleged defect in relation to the verification should not be deemed to have been waived by the taking of the appeal to the County Court, within R.R. 3:10-10(b). Upon consideration of the supplementary briefs filed on this point we have concluded that this appeal should be determined solely on the basis of the point last mentioned, as we are convinced that there was, indeed, a waiver by defendant, through the taking of the appeal to the County Court, of any defect which may have infected the complaint because of any lack of status on the part of the person who took the jurat to the oath, and that this is the more appropriate basis for the disposition of the appeal.
In considering the nature of the requirement for verification of complaints in traffic cases we look to the statutes and rules of court. N.J.S. 2A:8-21 gives municipal courts jurisdiction over violations of the motor vehicle and traffic *267 laws committed within their territorial jurisdiction. The present case falls in that category. Particular governance of the procedure for institution of a prosecution in such a court in a traffic case has long been specified by N.J.S.A. 39:5-3. Prior to 1953 the statute called for the making of a complaint "in writing and duly verified" as the basis for the issuance of process against the defendant. By virtue of the amendment of the section, however, by L. 1953, c. 36, the requirement of verification of the complaint was eliminated. There was thus no statutory command for a verification on November 24, 1956, when the defendant in this case was served with the summons and complaint in this matter.
The inquiry then devolves upon the effect of the pertinent court rule, R.R. 8:3-1(a), which, as of the time of filing of the present complaint, required all complaints in the municipal courts to be "made upon oath before any magistrate or other person empowered by law to take complaints." Although that rule was amended June 27, 1958, to become effective September 3, 1958, so as to delete the requirement of a verification in traffic cases, the defendant is, of course, entitled to take such advantage as he properly can from the fact that a verification was still called for by the rule of court when the complaint in this case was made. Assuming, thus, that Mr. Castro was without authority to take the jurat to the affidavit, we proceed to assess the State's argument to the effect that the resulting defect was waived when the defendant appealed to the County Court, as a consequence of R.R. 3:10-10(b), which reads:
"(b) The appeal shall operate as a waiver of all defects in the record, including any defect in, or the absence of any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances, of which the tribunal from whose judgment or sentence the appeal is taken had jurisdiction."
*268 Defendant's position is that the lack of the required legally executed verification goes to the court's jurisdiction over the subject matter of the prosecution, absence of which cannot be waived by appeal. There can be no dispute that lack of jurisdiction of a court over subject matter is fatal to any judgment and its effect not susceptible of waiver, State on Complaint of Bruneel v. Bruneel, 14 N.J. 53, 58 (1953), but we do not agree that the assumed deficiency in the verification here deprived either of the trial tribunals of jurisdiction to deal with the matter.
Three county court decisions cited by defendant are generally in accord with its position: State v. Walters, 14 N.J. Super. 234 (Cty. Ct. 1951); State v. Auf Der Heide, 23 N.J. Super. 56 (Cty. Ct. 1952); State v. Mershon, 39 N.J. Super. 599 (Cty. Ct. 1956). The Walters case relied upon the statutory requirement of a verification, which had not yet then been exscinded, and, in part, upon the fact that the waiver court rule cited above had not been promulgated when the complaint in that case was filed. Neither of the other cases cites the waiver court rule, but it is clear that both are grounded in the concept that a properly executed verification was essential to the magistrate's jurisdiction over subject matter. We think this viewpoint unsound.
It is clear from what has been said above that as of November 24, 1956 the requirement of a verification in complaints in traffic cases was based upon rule of court, not statute. See State v. Bernstein, 38 N.J. Super. 196, 199 (Cty. Ct. 1955). This alone is sufficient to dispatch the notion that jurisdiction over subject matter was implicated in the present case, since it is elementary that ordinarily court rules properly concern only procedure, not substance, Winberry v. Salisbury, 5 N.J. 240 (1950), while jurisdiction over subject matter is conspicuously beyond the procedural realm, resting exclusively on statute or constitution (including in New Jersey any case where the Constitution expressly delegates to the Supreme Court the power *269 to fix jurisdiction over subject matter by court rule, as in Art. VI, Sec. III, par. 3, N.J. Const. 1947, dealing with specification of the causes to be heard in the several Divisions of the Superior Court; see Abbott v. Beth Israel Cemetery Ass'n. of Woodbridge, 13 N.J. 528 (1953)). Certainly R.R. 8:3-1(a), which is captioned "(a) Form of Complaint," could not properly legislate as to the jurisdiction of a municipal court over subject matter, and nothing in the language or setting of the rule would indicate that the Supreme Court in adopting it was purporting to do so. Compare State v. Smith, 6 N.J. Super. 85, 88, 89 (App. Div. 1949); State v. Hulsizer, 42 N.J. Super. 224, 228 (App. Div. 1956). That the requirement of a verification was not regarded by the Supreme Court as in the nature of an indispensable adjunct to jurisdiction is indicated by its elimination thereof in the 1958 amendment of the rule referred to above.
We could, thus, for present purposes, rest a reversal of the County Court judgment on the basis that the non-compliance by the prosecution with a court rule dealing with formal requisites of a complaint in the municipal court was merely a "defect in the record," waived, under R.R. 3:10-10(b), by the defendant's taking an appeal from his conviction to the County Court. However, there is so little authoritative basis for the assumption in the county court decisions cited above that non-compliance with the requirement for a verification of a complaint in traffic cases went to jurisdiction over subject matter at a time when the requirement had the sanction of statute, that we prefer not, by inattention to the point, to reflect any implied acquiescence in that position.
The general rule is that a verification of a criminal information is designed merely to insure good faith in instituting the proceedings and that its absence, even where required by statute, is only a formal defect and does not render the information void or deprive the court of jurisdiction. 42 C.J.S. Indictments and Informations § 86, *270 p. 948. It may be waived, Ibid., § 305, p. 1336. Compare Grosky v. McGovern, 133 N.J.L. 277, 282, 283 (Sup. Ct. 1945) (dissenting opinion of Mr. Justice Heher). This principle has its counterpart in the rule that statutory requirements for verification of complaints or other pleadings in civil causes are waived if not seasonably objected to, being considered "formal." 41 Am. Jur., Pleading, § 287, pp. 487-488; 71 C.J.S. Pleading § 560, pp. 1123, 1125.
Our conclusion, therefore, is that even where a complaint in the municipal court is required to be verified by statute the requirement is not beyond the effect of the waiver provisions of R.R. 3:10-10(b), having in mind the spirit as well as the letter of both the trial de novo and waiver provisions of that rule. See State v. Simpkins, 8 N.J. Super. 194, 197 (App. Div. 1950), inveighing against reliance in the county court upon a "procedural infirmity which had in no wise deprived [defendant] of his opportunity to be heard on the merits of the sufficient charge presented or prejudiced his substantial rights"; also State v. Menke, 25 N.J. 66 (1957); Tomicich v. Norton, 134 N.J.L. 411, 413 (Sup. Ct. 1946); Kluczek v. State, 115 N.J.L. 105 (Sup. Ct. 1935). As to the distinction between the existence of jurisdiction over subject matter and the technical manner in which procedural requirements are met, see Abbott v. Beth Israel Cemetery Ass'n. of Woodbridge, supra (13 N.J. at page 537). Cf. State v. Vreeland, 53 N.J. Super. 169 (App. Div. 1958).
Defendant also cites and relies upon such cases as Town of Belleville v. Kiernan, 39 N.J. Super. 480 (App. Div. 1956), and State v. Terwilliger, 49 N.J. Super. 149 (App. Div. 1958). They are not in point. They merely apply the fundamental rule that it is basic to the validity of a conviction in a criminal or quasi-criminal proceeding that the accusation charge the substantive elements of the offense involved (unless properly amended in accordance with R.R. 3:10-10(b)).
*271 The further subsidiary contention by the defendant that the absence of a sworn complaint before the court on the return date of the summons, November 29, 1956, deprived it of jurisdiction to adjourn the matter to December 13, 1956 and to proceed to trial at that time, must fall with our rejection of the premise that verification of the complaint was basic to jurisdiction of the court.
The judgment in the County Court is reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.