56 N.J. Super. 1 (1959)
151 A.2d 412
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOHN P. HENRY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1959.
Decided May 19, 1959.
*4 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. William L. Boyan, Deputy Attorney General, argued the cause for appellant (Mr. David D. Furman, Attorney General, attorney; Mr. Remo M. Croce, Deputy Attorney General, on the brief).
Mr. Roy G. Simmons argued the cause for respondent (Messrs. Camp and Simmons, attorneys; Mr. Howard M. Borden, Jr., on the brief).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The State appeals from a County Court judgment reversing defendant's conviction in the municipal court for violation of N.J.S.A. 39:4-50 (operation of a motor vehicle while under the influence of intoxicating liquor), and entering a judgment of acquittal. The ground of reversal was that the complaint did not contain *5 "any written statement of the essential facts constituting the offense alleged."
Defendant was stopped by a state trooper while driving on the Garden State Parkway in Lacey Township on May 10, 1958, and taken to the Bass River State Police Barracks where a drunkometer test was performed. The test showed a concentration of .21% blood alcohol. A complaint and summons were then issued in the form required by R.R. 8:10-1(a) (the uniform traffic ticket). After filling in defendant's name and address, the time and place of the offense, and the other pertinent information called for on the form, the state trooper wrote "39:4-50 R.S." immediately following the words "and did then and there commit the following offense(s)." Further down on the form, and following the printed words "Other Violations (describe in words)," he wrote ".21% of blood alcohol." We note, in passing, that N.J.S.A. 39:4-50.1 provides that if at the time of the test there was .15% or more of alcohol in defendant's blood, it is presumed that he was under the influence of intoxicating liquor.
The complaint fixed May 21, 1958 for municipal court appearance. At the request of defendant's then attorney the hearing date was successively adjourned to June 5, June 10 and June 26, 1958. Defendant then retained his present counsel, who obtained a further adjournment to July 3, 1958, on which date a hearing was held and defendant convicted.
It appears that after defendant's former attorney had asked for and obtained the June 26 adjournment, he pointed out to the magistrate in the course of a discussion that the complaint did not state an offense which defendant could be called upon to answer. The magistrate allegedly replied that if there was any deficiency he could correct it. (R.R. 8:12-3 gives a municipal magistrate the power to "amend any process or pleading for any omission or defect therein * * *," and if a defendant is "surprised" by such amendment, the magistrate shall adjourn the hearing to some *6 future day, upon such terms as he thinks proper.) However, there was no disposition made of the matter.
We have no transcript of what took place before the municipal magistrate on the occasion mentioned. The Attorney General's description of the foregoing colloquy appears in the memorandum of law he submitted to the County Court and supplied to us. Defendant does not deny it took place, as represented. We mention the matter merely to indicate that defendant knew of the alleged deficiency and what the charge against him was.
Defendant was represented by his present attorney at the July 3 hearing before the municipal magistrate. The State proceeded with its case and presented testimony to establish that defendant had operated his automobile on the Garden State Parkway while under the influence of intoxicating liquor. There was cross-examination by defense counsel. Defendant did not take the stand and was found guilty as charged. At no time during the hearing did the defense move to dismiss the complaint because of any claimed deficiency.
Defendant at once appealed his conviction to the County Court. The notice of appeal recites that defendant "was convicted of operating an automobile while under the influence of intoxicating liquor under N.J.S.A. 39:4-50 * * *." This was pursuant to the requirement of R.R. 3:10-3, made applicable by R.R. 8:11-1, that the notice of appeal include "a general statement of the nature of the offense."
On September 12, 1958, the date fixed for the hearing in the County Court, but before the trial de novo on the merits began, defendant without notice moved for dismissal, for the reason that the complaint nowhere alleged that defendant operated a motor vehicle while under the influence of alcohol, or charged him with "drunken driving" or any similar offense. The record indicates that defendant came prepared to defend against the charge on the merits in case the complaint was not dismissed. He had one expert witness *7 in court and another on call, apparently for the purpose of rebutting the State's proofs, either as to the sufficiency and accuracy of the drunkometer test or the apparent symptoms of defendant's drunkenness, or both.
In the course of the argument on the motion it developed that the municipal magistrate had failed to forward the complaint to the County Court, as required by R.R. 3:10-4. The judge insisted upon seeing the original complaint, and reserved decision on the motion to dismiss. However, since both sides were anxious to get on with the case, he invited the defense to put its witnesses on out of order  an offer which defense counsel rejected because he wanted to use his witnesses in rebuttal. Accordingly, the county judge held the motion and stated that he would hear the case on any Friday agreeable to the attorneys.
In opposing defendant's motion the State argued, as it does now, that the complaint was properly drawn. The deputy attorney general urged that the insertion in the complaint of "39:4-50 R.S." and ".21% of blood alcohol," described above, coupled with defendant's knowledge that he had been subjected to a drunkometer test, as well as his retention of counsel and what had transpired in the municipal court before and at the hearing, fully and definitely informed defendant of the offense with which he was charged. In the alternative, the State argues that even if the complaint was defective, the County Court should have afforded an opportunity to amend, instead of dismissing. At the oral argument before us the Attorney General contended that the County Court, in the light of the argument made before it (to which we will refer shortly), could and should have amended the complaint on its own motion. We are asked to remand the case to the County Court for trial on the merits, with the right reserved to the State to amend the complaint to make it more specific should we hold that the law so requires. In the alternative, we are asked to amend the complaint, if necessary, in the exercise of our original jurisdiction.
*8 We consider the first point raised by the State, that the complaint properly charged a statutory offense and was not defective; that whatever its shortcomings, defendant knew all along that he was charged with drunken driving  and this by reason of the drunkometer test, the .21% of blood alcohol reference in the complaint, his consulting with counsel, and what took place in the municipal court. We are convinced that defendant did, in fact, know from the start that he was charged with drunken driving.
However, it is fundamental that a complaint must contain an informative statement of the charge made. R.R. 8:3-1(a) provides that "The complaint is a written statement of the essential facts constituting the offense charged." R.R. 3:4-3(a) contains similar language as to an indictment or accusation. McCooey v. Megill, 135 N.J.L. 217, 219 (Sup. Ct. 1947) (disorderly persons violation  a quasi-criminal proceeding); State v. Quatro, 31 N.J. Super. 51, 54-55 (App. Div. 1954) (indictment). Our State Constitution declares that in all criminal prosecutions the accused shall have the right "to be informed of the nature and cause of the accusation." 1947 Const., Art. I, par. 10. These provisions are intimately related to the constitutional guarantee against double jeopardy. Art. I, par. 11; see State v. Labato, 7 N.J. 137 (1951).
The suggestion that the court determine whether the complaint adequately informed defendant of the charge against him by considering his personal knowledge of matters not appearing on the face of the complaint, is not tenable. To have the court inquire whether, despite the failure of the complaint to state an offense, defendant actually did know with what he was charged, would not only run contrary to our rules of practice and basic principles of criminal procedure, but invite slipshod practice on the part of the police in making out complaints. It would also have the potential of time-consuming excursions into the collateral issue of whether a defendant actually knew, apart from the complaint, the nature of the offense charged. It is not too much *9 to ask the State to provide in the complaint a succinct but informative description of the motor vehicle offense laid to defendant.
A word as to the proper filling out of the uniform traffic ticket. Following the spaces left for the insertion of defendant's name, address and physical description, his driver's license number, the registration number and description of the vehicle, and the time and place of the violation, appear the words "and did then and there commit the following offense(s)." These words introduce what is designated as the "Six Principal Causes of Accidents": speeding, reckless driving, careless driving, disregard of traffic signals, improper turn, and improper passing, with convenient spaces and squares for describing or checking the particular violation. After these six categories appear the words "Other Violations (describe in words)," followed by two lines where the offense may be set out at length. This space is reserved for the specification of any moving violation other than the six just mentioned, and it is a simple matter, taking only a moment or two, for the arresting officer to insert a description of the offense, such as "drunken driving," followed (although this is not necessary) by the statutory reference. Further down on the uniform traffic ticket appears a space reserved for parking violations. Any motor vehicle violation other than the six principal ones and the non-moving violation of parking properly belongs and should be set out in words under "Other Violations."
On this appeal we review the action of the County Court, and not the municipal court. Our decision is to be understood as specifically and solely related to the proceedings in the former tribunal. However, we address ourselves, for the moment, to what happened in the municipal court, to show that defendant was not actually prejudiced there.
The requirement that a complaint set out with sufficient particularity and certainty the time, place and nature of the alleged offense, serves two purposes. The *10 principal one is to enable a defendant to defend against the charge on the merits. This was achieved here. Defendant went to trial and fully participated therein, short of putting in his defense. He did so although he may have still believed the complaint defective. There was no claim made, nor is there now, that he did not then know with what he was charged, that he was surprised by the testimony adduced, or that he had not had sufficient opportunity to prepare his defense. Rather, he chose to explore the State's case and then rested. We cannot say in the circumstances that he was prejudiced in maintaining his defense on the merits.
The other purpose served by the requirement of specificity in a complaint is to insure a defendant of whatever protection against double jeopardy he might be entitled to from a disposition on the merits. State v. Lefante, 12 N.J. 505, 509 (1953); State v. Bruneel, 14 N.J. 53, 60 (1953). That protection was afforded by the statutory reference (R.S. 39:4-50) on the face of the complaint, with the accompanying reference to ".21% of blood alcohol." The person directly charged was defendant himself, as the one who had operated a motor vehicle at the specific time and place mentioned. This pinpointed the offense. Defendant was being charged with drunken driving, and not with driving under the influence of a narcotic or habit-producing drug, or with permitting another person to operate his car while under the influence of intoxicating liquor or such drug. The latter two are the only other categories of offenses, aside from drunken driving, covered by N.J.S.A. 39:4-50. Additionally, the judgment record in the municipal court was protection enough against defendant later being placed in double jeopardy.
We no longer determine criminal proceedings on the technicalities that so often characterized such proceedings at common law and which, as stated in State v. Lefante, above, 12 N.J. at page 510, tended to bring the law and the administration of justice into disrepute. Illustrations *11 of our application to motor vehicle cases of the general principle that we will not exalt technical and literal strictness to the sacrifice of essential justice, and this on behalf of the State as well as a defendant, appear in State v. Bigley Bros., Inc., 53 N.J. Super. 264 (App. Div. 1958); State v. Vreeland, 53 N.J. Super. 169 (App. Div. 1958); State v. Bierilo, 38 N.J. Super. 581 (App. Div. 1956); State v. Simpkins, 8 N.J. Super. 194 (App. Div. 1950).
The municipal court proceedings to one side, and regardless of any deficiency in the complaint at that stage, there was a conviction and an appeal to the County Court. The taking of the appeal necessarily invoked R.R. 3:10-10(b). That rule provides that an appeal to the County Court from a judgment of conviction in the municipal court
"shall operate as a waiver of all defects in the record, including any defect in, or the absence of any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or of the surrounding circumstances, of which the tribunal from whose judgment or sentence the appeal is taken had jurisdiction."
An appeal to the County Court has, ever since the passage of the original Motor Vehicle Act, L. 1921, c. 208, § 28, operated as an application for a trial de novo. Ten years later the act was amended to provide that the court (then the Court of Common Pleas) could "at all times * * * amend all defects and errors for the purpose of determining on the trial of any appeal the merits of the said case." L. 1931, c. 171, § 14. In State v. Paerles, 10 N.J. Misc. 355, 357, 159 A. 701 (C.P. 1932), Judge Hartshorne held that the Court of Common Pleas had "the right, if not the duty, to retain jurisdiction until the opportunity had been presented `to amend all defects' as expressly authorized in section 28 of the Motor Vehicle Act."
The act was further amended by L. 1933, c. 97, which transferred appellate jurisdiction from the Common Pleas *12 Court to the Special Sessions Court and gave it the specific power on appeal from a conviction, and either before or during the trial de novo, to "amend the complaint by making the charge more specific, definite, or certain, or in any other manner, including the substitution of any charge growing out of the same transaction or surrounding circumstances, of which the tribunal appealed from had jurisdiction." In such case the defendant was to be given a reasonable opportunity to prepare for and proceed with the trial. This provision was carried over into the 1937 Revision as R.S. 39:5-11.
Rule 2:11(h), predecessor to R.R. 3:10-10(b), did not in its original form expressly permit amendment of the complaint on the de novo review of a local court conviction. In State v. Finate, 13 N.J. Super. 302 (Cty. Ct. 1951), it was held that the omission in Rule 2:11(h) of any grant of power to amend left the County Court without such power. The effect of the statute, R.S. 39:5-11, was not discussed. The holding in Finate was of no moment in the development of the law because subsequent to the filing of notice of appeal in that case, but prior to decision, Rule 2:11(h) was amended to permit amendments on the same terms now authorized by R.R. 3:10-10(b). R.S. 39:5-11 was amended by L. 1953, c. 36, § 13, so that no problem arises under the doctrine of Winberry v. Salisbury, 5 N.J. 240 (1950), because the statute is now consistent with our present rule.
Defendant seeks to escape from the application of R.R. 3:10-10(b) by arguing that the filing of the notice of appeal to the County Court did not automatically operate as a waiver of any defect in the complaint, but only as a consent that the court could amend. He claims that the County Court had to take some affirmative action, either on motion by the State to amend the complaint to charge drunken driving or by doing so on its own motion, before it could be said that the rule was effective. Defendant claims that the State never actually requested an amendment. Strictly *13 speaking, this is true, because the deputy attorney general did not in words ask for an amendment. But realistically considered, the claim is not true. In his oral argument as well as in the legal memorandum submitted to the County Court, the deputy attorney general clearly contended that the defect in the complaint had been waived by the taking of the appeal. He also quoted the language of R.R. 3:10-10(b), and what Justice Francis had to say by way of paraphrase in State v. Menke, 25 N.J. 66, at page 69 (1957):
"The appeal operates as a waiver of all defects in the record or process or complaint, and as a consent that the court may amend the complaint in form or substance before or during the hearing of the matter so as to make the charge more specific or in any other manner, including the substitution `of any charge growing out of the act or acts complained of or the surrounding circumstances,' of which the tribunal below had jurisdiction. R.R. 3:10-10(b)."
It may be that the argument made on behalf of the State in the County Court was not as precise as it may have been, but it is entirely unlikely that defense counsel and the judge did not understand that an amendment was in order. Indeed, in his statement of conclusions the trial judge commented that the municipal magistrate should have dismissed the complaint "or at least it should have been amended," adding that "Time has now deprived the State of the right to that." This demonstrates that the court clearly recognized the right to amend, but considered that the time in which this could have been done had expired. We consider that the question of amending the complaint was squarely placed before the County Court.
The attention of the County Court in this case having been called to its amending power under R.R. 3:10-10(b), it had the right, and indeed the duty, under all the circumstances here present, to correct by amendment any defect in the complaint called to its attention. The power of that court to amend extends, as we have observed, to "making the charge more specific, definite or certain, or in any other manner, including the substitution *14 of any charge growing out of the act or acts complained of or the surrounding circumstances * * *." This last clause, beginning with the word "including," clearly authorizes the amendment of a complaint so as to charge an act not charged in the complaint as originally drawn. The only limiting requirement is that the newly charged offense must have grown out of  i.e., be related to  the offense originally charged. This limitation is obviously designed to prevent the charging of a new offense, completely unrelated to the acts which were originally alleged as constituting a violation. Were the limitation not present, the 30-day statute of limitations in motor vehicle cases, discussed below, could easily be circumvented. And without that limitation the complaint would become a blank warrant, to be filled in only at the trial. Such is not the case here. The complaint contains identifying details concerning the offender, his motor vehicle, and the time and place of the offense, in addition to the statutory citation and the words ".21% of blood alcohol." It is sufficiently definite to permit a court to determine at a glance that it purports to charge defendant with driving while under the influence of intoxicating liquor.
Defendant invites attention to our decision in Belleville v. Kiernan, 39 N.J. Super. 480 (App. Div. 1956). Involved there was a conviction in the municipal court for defendant's violation of a certain provision of the municipal zoning ordinance in using his private residence for funeral purposes. The County Court entered a judgment of conviction after a trial de novo on appeal. Although defendant had at that trial raised objection to the complaint for failure to allege that the premises were located in a residential zone, where use of a building for funeral purposes was not permitted, the complaint was not amended in the County Court, either on motion of the municipality or of the court. On appeal to this court the municipality argued that defendant had waived the deficiency by the appeal and trial de novo before the County Court, under R.R. 3:10-10(b). We *15 held that although the appeal served to confer consent to amendment by the County Court, there was, in fact, no amendment made, so that the complaint remained defective. The Belleville case should be distinguished because there was nothing in the record to indicate any strong implication in the State's argument that the county judge should amend  if necessary, on his own motion. Nor did anyone move an amendment. We were not there asked to amend under the original jurisdiction rule, R.R. 1:5-4(a), as we are here, and we were not moved to exercise our discretion. Belleville, as noted, was a zoning violation case; here we are concerned with a drunken driving charge, involving implications of public policy of particularly cogent current import, where not only the rights of the defendant, but the rights of the State and the general public, should be protected as long as defendant is not prejudiced.
Although R.R. 3:10-10(b) expressly permits the County Court on appeal from a municipal conviction to amend the complaint, either before or during the hearing of the appeal, the county judge did not, as we have seen, hold the motion until the trial de novo had been conducted, but dismissed it before a trial date could even be fixed. It may be that he was in part persuaded to do this because of a letter which defense counsel sent him five days after the argument on the motion to dismiss. In that letter he invited the court's attention to N.J.S.A. 39:5-3 which, he claimed, provided a 30-day statute of limitations for all motor vehicle violations except those covered by five specifically named sections of Title 39. Defense counsel also referred to an unreported County Court decision, cited to the court at the argument on the motion to dismiss, which allegedly held that jurisdictional defects in a complaint were incurable after the 30-day period had passed. We have already noted that part of the County Court judge's conclusions wherein, after remarking that the complaint should have been amended in the municipal court, he held that time had "now deprived the State of the right to that."
*16 Defendant urges, as he did in the trial court, that any amendment to cure a defect in the complaint would constitute the commencement of a new action and would be barred by the running of the 30-day special limitation period.
We note, first, that N.J.S.A. 39:5-3 only limits the time within which process for the appearance or arrest of the person charged with a motor vehicle violation must be issued by the municipal magistrate. That requirement was complied with here. The summons was issued on the day of the violation and arrest, May 10, 1958, and the complaint was sworn to before the municipal magistrate on May 17 following. It would therefore have been entirely proper for the County Court, on the motion of either party or on its own motion, to amend the complaint. Cf. State v. Bernstein, 38 N.J. Super. 196 (Cty. Ct. 1955), where it was expressly held that N.J.S.A. 39:5-3 did not limit the time within which a complaint might be amended pursuant to R.R. 8:12-3, permitting amendment in the municipal court similar to the power to amend granted the County Court by R.R. 3:10-10(b). In that case the magistrate had amended the complaint to charge an offense which the proofs showed had been committed, in place of the offense charged in the complaint.
As the State observes, it is not necessary, in determining whether the Legislature intended a 30-day statute of limitations to apply to amendments of complaints in motor vehicle cases, to restrict our consideration to an interpretation of N.J.S.A. 39:5-3. N.J.S.A. 39:5-11, in addition to declaring the power to amend in the same terms as R.R. 3:10-10(b), expressly provides that "any provision of law limiting the time within which any such [motor vehicle] charge may be brought or proceedings taken in the prosecution thereof shall not operate and shall be deemed to have been waived by the appeal." Defendant does not attempt to meet the thrust of this statute. Accordingly, if the persuasive factor which influenced the County Court to dismiss the complaint was merely the passage of 30 days from the date of the offense, its action was contrary to law.
*17 The soundness of the Bernstein rule and the wisdom of the quoted provision of N.J.S.A. 39:5-11, are particularly apparent in the light of the facts of this case. The hearing in the municipal court was, on the successive requests of defense counsel, adjourned until 54 days after the offense and the issuance of summons, and until 47 days after the complaint was sworn to. The hearing in the County Court, fixed September 12, 1958, on which day defendant made his ex parte motion to dismiss the complaint, took place more than four months after the offense. Cf. State v. Hulsizer, 42 N.J. Super. 224, 228 (App. Div. 1956).
The rules concerning municipal court proceedings in quasi-criminal matters, with power in that court to amend (R.R. 8:12-3), and the rule (R.R. 3:10-10(b)) specifically providing for waiver of defects and the liberal right to amend at the trial de novo in the County Court, are designed to minimize the possible impairment of the processes of law enforcement which would result in cases where complaints are drawn by policemen and cases sometimes tried by lay municipal judges. The trial de novo is primarily a protection for the defendant, State v. Menke, above, 25 N.J. at page 70; the right to freely amend the complaint in the County Court is the other side of the coin. A defendant is not prejudiced thereby because the proceeding is a completely new one, and he has full opportunity to present whatever defenses he may have to the amended complaint. The very short statute of limitations, and the limiting provisions of not only the rule but the statute (N.J.S.A. 39:5-11), are also a protection to a defendant. Whatever injustice or prejudice may have resulted in the municipal court may be corrected in the new proceedings before the County Court.
As a purely formal matter, and in the exercise of our original jurisdiction, R.R. 1:5-4(a), the complaint will be amended so that it specifically charges defendant with drunken driving under N.J.S.A. 39:4-50. The judgment of the County Court is reversed, and the matter remanded for a full trial.