**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0273-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

IAN GALLOWAY,

    Defendant-Appellant.

_____

Argued October 19, 2021 – Decided November 29, 2021

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. 2020-005.

Ian Galloway, appellant pro se.

Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Stephen A. Pogany, of counsel and on the brief).

PER CURIAM

As defendant was traveling through the Township of West Orange on a Saturday night in December 2019, at approximately 11:30 p.m., he was stopped by a police officer. The officer did not inform defendant of the reason for the stop but after reviewing his credentials, the officer issued two summonses. One was for a violation of N.J.S.A. 39:4-144, failing to stop at a stop sign. The second—for improper display of license plates—was dismissed by the prosecutor at trial.

On the summons, the police officer wrote that the traffic violation occurred at the intersection of Kingsley and Swaine Streets. However, during the municipal court trial, the officer conceded that the traffic infraction occurred at the intersection of Kingsley and Riggs Streets. The officer testified he observed defendant traveling on Kingsley, and although defendant's vehicle "slowed" before the stop sign at the Kingsley and Riggs intersection, he did not "complete[] a full stop."

The officer stated he then turned on his lights and stopped defendant's car at the next intersection—Kingsley and Swaine. There is no stop sign at that intersection for traffic traveling on Kingsley, such as defendant was.

Defendant argued before the municipal court judge that he had prepared a defense based on the traffic violation reflected on the summons—which stated

he failed to stop at the stop sign at the intersection of Kingsley and Swaine. Defendant intended to challenge the summons based on the lack of a stop sign at that intersection, proven by photographs he had taken of the area.

Defendant asserted he was familiar with the area and knew all of the stop signs because his daughter had lived there for fifteen years.[1]  He testified he stopped for the stop sign at the Kingsley/Riggs intersection.  The day following the incident, defendant stated he filed a complaint with the internal affairs unit concerning the behavior of the officer who stopped him and requested a copy of the body camera footage.  He believed he was targeted for driving a car with Connecticut plates through that neighborhood.

Although defendant asked for a copy of the body camera footage at trial, the judge denied the request, stating it was too late because the trial was over. He advised defendant he should have asked the prosecutor for the evidence prior to the start of trial.

In finding defendant guilty of the offense, the municipal court judge stated he found the officer more credible, and that defendant did not come to a full stop.  There was no discussion of the error in the summons.  In addition, the judge said he was familiar with the area as he lived nearby, and he knew that

---

[1]  Defendant's daughter was in the car at the time of the traffic stop.

3

cars often rolled through the intersection of Kingsley and Riggs without stopping.

The prosecutor did not ask the judge to amend the summons to reflect the proper intersection where the traffic violation occurred. The municipal court judge did not sua sponte amend the summons.

Defendant appealed to the Superior Court. The State did not submit a brief. Defendant contended he prepared his defense based on the traffic violation listed on the summons – that he was not guilty of the offense because there was no stop sign controlling his travel at the intersection of Kingsley and Swaine. He asserted the summons was never amended and he was "force[d] . . . to defend against a violation [he] wasn't aware of." He further argued the municipal court judge erred in accepting the testimony of the officer over his. In addition, he contended that because the officer never told him why he was being pulled over, he did not have notice at any time until trial began that the infraction was actually for failing to stop at a stop sign at a different intersection than that listed on the summons.

In response, the State contended the error on the summons was a "technical infirmity," and an officer is not required under the law to give the exact location of the offense.

A-0273-20

The Law Division judge asked defendant how his defense was affected by the officer's trial testimony that the location of the traffic infraction was a block earlier than the address noted on the summons. Defendant responded that he did not receive a trial date until four months after the incident. During those four months, he believed he was not guilty of the charged offense because there was no stop sign at the location listed on the summons. He went to the site to take pictures in preparation for trial. Furthermore, he stated if he knew the correct location, he would have had a better memory of his actions that night, and he might have produced his daughter as a witness or taken a statement from her regarding her observations of his actions. Because the pictures revealed there was no stop sign controlling the Kingsley/Swaine intersection, defendant said he did not think he needed anything further for his defense and assumed the tickets would be dismissed after he showed the photos in court. Defendant also said he would have pursued getting the bodycam video.

Although the State had not filed a brief, the court asked the assistant prosecutor if he had any support for his contention that the officer's description

5

of the place of the offense was inconsequential. The prosecutor cited two Appellate Division cases.[2] The court then ended the hearing.

In a written decision and accompanying order issued May 27, 2020, the Law Division deferred to the municipal court's credibility findings and found the sufficient credible evidence established defendant was guilty of violating N.J.S.A. 39:4-144.

In citing to Henry, the court acknowledged that a traffic summons "must adequately provide defendants with notice of the nature of the alleged violation so that they may properly mount a defense in court." 56 N.J. Super. at 10. The court also relied on State v. Fisher, which states that a summons should not be dismissed "because of any technical insufficiency or irregularity in the summons, but the summons may be amended to remedy any such technical defect." 180 N.J. 462, 469 (2004).

In considering the summons before him, the Law Division judge noted the Court's conclusion in Fisher that an error in a traffic summons should not be fatal to the prosecution if "the alleged insufficiency did not detract from the intended purpose of the challenged instrument and did not prejudice the rights

---

[2] State v. Morgan, 393 N.J. Super. 411 (App. Div. 2007); State v. Henry, 56 N.J. Super. 1 (App. Div. 1959).

of the defendant." Id. at 470. Using "[c]ommon sense and the testimony at trial," the court determined "the summons issued to [defendant] contained . . . at worst, a minor technical insufficiency that may have properly been amended at trial." The court determined defendant was not prejudiced at trial because he "could still mount a defense." And, the judge stated, because the officer told defendant where the infraction occurred during the traffic stop, the court reasoned defendant was provided with fair notice of the nature of the alleged charges. The judge found "[t]he fact that the summons was not later formally amended is irrelevant and inconsequential."

On appeal, defendant presents the following points for our consideration:

> POINT 1
> THE TRIAL COURT ERRED IN FINDING APPELLANT/DEFENDANT GUILTY WHEN NOT FOLLOWING THE COURT AMENDMENT PROCEDURES IN ACCORDANCE WITH RULE 7:14-2. APPELLANT/DEFENDANT WAS NOT ALLOWED AN ADJOURNMENT TO ESTABLISH A DEFENSE ON CHANGES OF VIOLATION AT TR[IA]L.

> POINT 2
> [THE LAW DIVISION] JUDGE ERRED BY NOT REVIEWING APPEL[LANT']S BRIEF [FOR] "PRIMA FACIE" REVERSIBLE ERRORS, AND FOR ALLOWING NEW ARGUMENTS AND CASE LAW TO BE SUBMITTED BY THE APPELLEE, WHEN APPELLEE SUBMITTED NO RESPONSE BRIEF.

7

POINT 3
[THE LAW DIVISION] JUDGE … E[R]RED IN HIS OPINION LETTER BY NOT DEALING WITH THE MAIN ISSUE OF THE APPEAL WHICH WAS [THE] IMPROPER COURT PROCEEDINGS TO FIX ALLEGED "ERRORS" ON SUMMONS, RATHER THAN P[R]EPONDERANCE OF EVIDENCE, DEFENDANT WAS DENIED HIS RIGHT TO PREPARE A DEFENSE. ALL THE FRUITS DERIVED FROM THE POISONOUS TREE SHOULD NOT HAVE BEEN CONSIDERED.

In reviewing the Law Division's decision, we "focus[] on whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). "We ordinarily [do] not . . . alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (quoting State v. Locurto, 157 N.J. 463, 474 (1999)). However, the trial court's legal rulings are considered de novo. Ibid.

On appeal, defendant contends that because the traffic complaint and summons incorrectly cited the location of the traffic offense, he was "surprised" at trial and did not have sufficient notice of the offense. He also asserts the municipal court erred in failing to follow Rule 7:14-2 to amend the complaint and summons. Therefore, the Law Division erred in affirming the guilty finding.

8                                                    A-0273-20

Under Fisher, a traffic complaint must "inform a defendant of the charges he must defend against." 180 N.J. at 468. Rule 7:2-5 permits the amendment of a "technical insufficiency or irregularity" in the summons. Id. at 469. The amendment procedure is governed by Rule 7:14-2 which states:

> [t]he court may amend any process or pleading for any omission or defect therein or for any variance between the complaint and the evidence adduced at trial, but no such amendment shall be permitted which charges a different substantive offense, other than a lesser included offense. If the defendant is surprised as a result of such amendment, the court shall adjourn the hearing to a future date, upon such terms as the court deems appropriate.

It is undisputed there was an error on the summons—the location of the alleged traffic offense was incorrect. And clearly defendant was surprised by the municipal court's acceptance of the error and the court's finding that the location of the stop was sufficient. Therefore, under Rule 7:14-2, the municipal court was required to adjourn the case.

Defendant explained to the municipal court and the Law Division he had prepared his defense based on the information in the summons. He took photos of the area and was confident he could not be found guilty of the traffic violation because there was no stop sign at the intersection noted on the summons. But, despite defendant's assertion that he prepared a defense based on the summons,

9

the court did not ask defendant whether he wished to adjourn the case and did not sua sponte adjourn the trial as required under the rule.

Because the information on the summons was erroneous, defendant was not placed on notice of the charges against him. He relied on the noted intersection to craft his defense. The Law Division judge misstated the record when he found the error was inconsequential because the officer told defendant at the traffic stop where he had run the stop sign, and therefore defendant was on notice of the charge. But the record does not reflect that testimony.

The officer did not testify that he told defendant at any time where the offense occurred. And defendant reiterated numerous times he did not know why the officer stopped him and he was never informed of the reason for the stop during the incident. It was not until he was handed the tickets that the officer said he had run a stop sign. But he did not inform defendant of the location of the offense. And the summons listed the Kingsley/Swaine intersection. An intersection where there was no stop sign.

Because the summons did not inform defendant of the proper location of the infraction, which mattered here because of the difference in the signage at the two intersections, and because defendant was prejudiced by the error in preparing a defense based upon erroneous information, we must reverse the Law

10

Division decision and remand to the municipal court for a new trial. At that time, the municipal court judge shall amend the summons to reflect the proper intersection of the offense pursuant to <u>Rule</u> 7:2-5. If defendant desires to request discovery from the State, he shall do so in a timely manner and pursuant to the governing rules.

Reversed and remanded to the municipal court for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0273-20